HIRAM WATERMAN, plaintiff in error, v. SOLOMON W. BRIS-
TOL et al., defendants in error.

*Error to Boone.*

When an appeal is taken to the Circuit Court from a judgment of a justice of the
peace, that Court does not review, or revise the decision of the justice, but in-
vestigates the case as if it had never undergone a previous investigation.
On appeal the Circuit Court may, in its discretion, allow amendments not only of
the appeal bond, but also of the original accounts filed in the case. Either
party may file additional accounts, upon such terms as the Court may, in the
exercise of that discretion, direct. But such accounts, when filed by the
plaintiff and proved, and the offsets are deducted, must not exceed the original
demand indorsed upon the back of the process.

THIS cause was originally commenced before Albert
Neeley Esq., a justice of the peace of Boone county, by the
defendants in error, against the plaintiff in error. The defend-
ants not appearing, judgment was rendered against them for
$47,56, and costs of suit. Subsequently he appealed to the
Circuit Court, and at the September term 1842, the plain-
tiffs obtained leave to file an additional account, not exhibited
at the trial before the justice, when the cause was tried by
the Court, and judgment rendered for the plaintiffs for $63·
91, and costs of suit.

*W. T. Burgess,* and *L. Davis,* for the plaintiff in error:

1. On the trial of an appeal from a justice of the peace,
the same matter can only be tried in the Circuit Court.

2. The statute (Gale's Stat. 406, § 16,) requires the par-
ties to bring forward all their demands, or be barred. *Brook-
bank* v. *Smith,* 2 Scam. 78.

3. The appeal bond was entered into by the parties with
reference to a suit upon a particular subject matter, and their
liability in justice extends only so far. In this judgment,
they are made liable for other and different matters.

*Anson S. Miller,* for the defendants in error:

The main question before the Court arises on the construe-

tion of "*An Act concerning Justices of the Peace and Constables*," Gale's Stat. 410, § 35, which provides that in cases of appeal from justices of the peace, "the Circuit Court shall at any time admit such amendments of the papers and proceedings, as may be necessary to a fair trial of the case upon its merits."

The question is, as to the character and extent of these amendments. There was no error in allowing the plaintiff to amend his bill of particulars in the Circuit Court. This was "necessary to a fair trial of the case upon its merits," was a matter in the discretion of the Court, and this discretion applies to all papers, to bills of particulars as well as process, to matters of substance as well as to those of form. The amendments are permitted with a view to substantial justice between the parties, and the cause is tried *de novo* in the Circuit Court.

This view is confirmed by "*An Act to amend the several laws in relation to appeal bonds and the trial of appeals*," Laws of 1838-9, 291, § 4, which provides that the Circuit "Court shall try the cause upon its merits, and, in all cases of appeals from a justice of the peace, shall give judgment according to the rights of the parties, unless it shall appear from the evidence that the justice had no jurisdiction of the subject matter of the suit." The doctrine was recognized by this Court, in the case of *Webb* v. *Lasater*, 4 Scam. 547, 548; and though in that case the question arose as to the defendant's right to amend, yet no distinction is made, either in that case, or any of the statutes between the rights of the plaintiff and defendant in this respect. The Court shall admit amendments "of the papers, and proceedings," without restriction to either of the parties. The Revised Statutes of Indiana, and the case of *Nelson* v. *Zink*, 3 Blackf., cited by the opposite counsel, strengthen rather than weaken this position.

The sixteenth section of the Act first referred to, and so much relied on by the other side, does not conflict in the least with the construction given to the thirty fifth section. It provides that "each party shall bring forward all his or her

demands against the other, which can be consolidated," &c., or be forever debarred from sueing for such debt or demand. The object of the statute was to prevent a multiplicity of suits for that which might be "consolidated into one action or defence," and that a final judgment should be conclusive upon the parties. *McKinney* v. *Finch*, 1 Scam. 152. The party is precluded from bringing a *new* suit on his neglected demands; but the Circuit Court on appeal, may permit him to file the same by amendment in the action already commenced. Nothing in the record shows that the amount recovered by the defendants in error exceeded the demand originally indorsed on the back of the summons from the justice's Court. There is no complaint that surprise or injustice was caused by the amendment. The exercise of the discretionary power of the Court in allowing the amendment is the sole ground of error. The authorities all show there was no error; and that the judgment below should be affirmed with costs.

*O. Peters*, on the same side:

It is a question of discretion with the Circuit Court whether to allow the amendment or not. The case of *Webb* v. *Lasater* is decisive of this point. Nor does the case of *Brookbank* v. *Smith*, 2 Scam. 78, which has been cited and relied upon by the other side, necessarily imply the contrary. In that case, the Court in its discretion refused the amendment, and though the decision was sustained, the case does not show that this Court intended to deny the Circuit Court the exercise of its discretion in allowing amendments in such cases.

From the notoriously loose and irregular manner of doing business in Justices' Courts, there are strong reasons for the exercise of the discretion of the Circuit Court in cases of appeals, to prevent injustice. If this is a matter of discretion there is an end of the case, because what rests in the discretion of the Circuit Court cannot be assigned for error in this Court. 1 Peters' Dig. 203; 4 Cowen, 503.

The case of *Nelson* v. *Zink*, 3 Blackf. 101, is not applica-

ble.   In that case, the Court was prohibited by statute from allowing amendments, and expressly required to try this case on appeal, without any substantial amendment or alteration whatever.   The whole course of legislation on the subject of Justices' Courts in this State manifests an intention on the part of the legislature to have cases, brought in these inferior Courts, tried on their merits and to divest them of technicalities so that justice, and not injustice, may be done to the parties.   Laws 1838-9, 291.

*L. Davis,* for the plaintiffs in error, in conclusion:

The case of *Webb* v. *Lasater,* cited by the other side, is in conflict with the case of *Brookbank* v. *Smith.*  The Court travelled out of the record in that case, and what is there said as to the discretion of the Court is mere *dicta.*

In Indiana, either party may amend, &c. upon the payment of costs.  *Nelson* v. *Zink,* 3 Blackf. 103.   But this is by virtue of a statute, while in this State we have no such statute.

The cases cited from Peters' Digest, were cases where amendments were made in the same Court where they were originally brought, and have no application to the case at bar. In conclusion, we contend that the amendment allowed was not within the discretion of the Court.

The Opinion of the Court was delivered by

Shileds, J.*   On the fifth day of May, 1842, Bristol and McKnight, defendants in error, commenced a suit on a promissory note before Albert Neely, Esq., a justice of the peace of Boone county, against Hiram Waterman, the plaintiff in error, who, being served with process, and failing to appear, judgment was rendered against him on the tenth day of May, for forty seven dollars and fifty six cents debt, and one dollar and seventeen cents cost.   From this judgment Waterman appealed to the Circuit Court of Boone County, and at the September term of said Court, 1842, Bristol and

---

* Justices Browne, Thomas, and Caton did not sit in this case.

McKnight asked and obtained leave to file an additional account. By consent of the parties, the cause was tried by the Court, and judgment rendered in favor of Bristol and McKnight against Waterman, for the sum of sixty three dollars and ninety one cents, and costs of suit. Waterman prosecuted his writ of error to this Court, and assigns for error, the decision of the Circuit Court allowing plaintiffs to file an additional account.

· When an appeal is taken to the Circuit Court, from the judgment of a justice of the peace, that Court does not review or revise the decision of the justice. It enters upon the trial of the cause *de novo*. It investigates the whole case, as if it had never undergone a previous investigation, and by the thirty fifth section of " *An Act concerning Justices of the Peace and Constables*," approved February 3, 1827, it is directed to " admit such amendments of the papers and proceedings as may be necessary to a fair trial of the cause upon its merits." The authority to amend both papers and proceedings, evidently embraces not only the appeal bond, and also the original accounts filed in the cause. This power, however, which is from its very nature discretionary, should be exercised with great caution, and only to do substantial justice between the parties. The fourth section of " *An Act to amend the several Laws in relation to Appeal Bonds, and trial of Appeals*," approved March 2, 1839, corroborates this view of the subject. It directs that after the Circuit Court obtains jurisdiction of the persons, the simple inquiry is, whether the justice had jurisdiction of the subject matter of the suit, and if so, the Court shall then proceed to try the cause upon its merits, without any reference to the form or service of the summons, or the proceedings before the justice. It is difficult to educe any other meaning from this legislation, than a wish to dispense with every formal and technical objection, which might, in any degree, obstruct the investigation of little neighborhood controversies on their naked merits.

The case of *Brookbank* v. *Smith*, 2 Scam. 78, is regarded as an authority against this position. In that case, the Circuit

Court, on appeal, refused to allow plaintiff to file additional accounts. This was the exercise of a discretionary power, and could not be assigned for error. Upon a new trial being granted, the plaintiff offered to give evidence of the accounts which he had thus offered to file, and which the Court had previously rejected. This the Court very properly refused. If the Court had the power to refuse leave to file additional accounts, it had the power to reject evidence in relation to such accounts. This Court decided the case correctly, but the ground upon which the decision is based in the written Opinion, is certainly calculated to give rise to the impression that neither party could, in any case, be permitted to file additional accounts in the appellate Court.

The law which requires the parties to a suit before a justice, to bring forward and consolidate all their demands which are capable of consolidation, or be forever barred from a recovery of the same, is evidently intended to prevent a multiplicity of suits for what may be embraced in one. This object is an excellent one, and can be fully attained by allowing either party upon just and equitable terms to file additional accounts, before trial. It would be a very harsh rule of law to deny a party the benefit of a just demand merely because, by some oversight, he might happen to omit it in his original account. There must be some salutary discretion exercised in such cases, and this discretion should be exercised in such a way as to do substantial justice between the parties. When an amendment is allowed, the other party may, if necessary, obtain a continuance, and that at the costs of the party obtaining the amendment. We are unable to see how any injury can possibly result from such a course. This was the view taken of this question in *Webb* v. *Lasater*, 4 Scam. 547. So far as the plaintiff is concerned, the judgment, if in his favor, cannot exceed the original demand indorsed on the back of the process. *Dowling* v. *Stewart*, 3 Scam. 193. The only benefit, therefore, which he can derive from the filing of additional accounts, is to rebut accounts which the defendant may unexpectedly bring forward, and against the original demand, in order to reduce it. There is

Broadwell *et al. v.* Broadwell.

nothing on the record of the case now under consideration to show the amount of the original demand as indorsed on the back of the summons, and in the absence of any thing being shown to the contrary, we are bound to presume that the judgment of the Circuit Court did not exceed such demand.

The judgment of the Court below is affirmed with costs.

*Judgment affirmed.*