## Toledo, St. Louis & Western Railroad Company v. E. J. Smith.

1. JUSTICE OF PEACE—*right of plaintiff to assert additional claims after appeal from judgment of.* A plaintiff in an action instituted before a justice may, after appeal from a judgment rendered in his favor, interpose claims in addition to those set up before the justice.

2. AMENDMENT—*power of court with respect to.* The Circuit Court has full authority to allow amendments to an account sued upon, in such manner as to enable the doing of substantial justice between the parties.

3. MEASURE OF DAMAGES—*when instruction as to, in action for injury to property by fire, inaccurate.* Such an instruction which allows the jury to assess the reasonable worth of the property injured or destroyed and the reasonable value of the services of the plaintiff's attorney, is inaccurate.

Action commenced before justice of the peace. Appeal from the Circuit Court of Coles county; the Hon. LAPSLEY C. HENLEY, Judge,

presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

EUGENE RHEINFRANK and A. J. FRYER, for appellant; CLARENCE BROWN and C. A. SCHMETTAU, of counsel.

BRYAN H. TIVNEN, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

This was an action commenced before a justice of the peace by E. J. Smith, to recover from the Toledo, St. Louis & Western Railroad Company for damages alleged to have resulted from a fire negligently started by the employes of the railroad company. Judgment was rendered by the justice of the peace in Smith's favor in the sum of $50, from which the railroad company appealed to the Circuit Court of Coles county. In the Circuit Court Smith was permitted to file an additional bill of particulars, and upon the trial of the cause recovered a verdict for $100 upon which the court rendered a judgment. The railroad company has brought the case to this court by appeal.

The first contention made by appellant is that the court committed error in allowing appellee to file a bill of particulars in the Circuit Court in which he claimed damages for an item or items for loss by another fire not embraced in his claim as originally made before the justice of the peace, and great stress is laid by appellant upon that section of the statute which requires, in all suits commenced before a justice of the peace, that each party shall bring forward all his claims against the other of a nature to be consolidated, and upon refusing or neglecting to do so the same shall be barred.

This contention of appellant cannot be maintained upon the authorities. The judgment before the justice of the peace was not final between the parties. Appel-

lant by its appeal had rendered such judgment nugatory and in the Circuit Court the cause was subject to trial *de novo.* Reynolds v. DeGreer, 13 Ill. App. 113-116.

All the rules of practice governing trials before a justice of the peace would apply that would have applied if said cause was being tried before the justice of the peace originally. The Circuit Court investigates the whole case as if it had never undergone a previous investigation. Waterman v. Bristol et al., 6 Ill. 593-597.

Furthermore the Circuit Court had full authority to allow amendments to the original account in such manner as to do substantial justice between the parties. Webb v. Lasater, 5 Ill. 543-547; Waterman v. Bristol, 6 Ill. 593-597. The case of Bookbank v. Smith, 2 Scam. 78, cited by appellant seems to have been determined solely upon the discretionary power of the Circuit Court and cannot be held to have any force in opposition to the two cases last above cited.

We cannot see from this record how appellant could have been taken by surprise, or in any other way unduly prejudiced by the action of the Circuit Court in allowing the filing of the amended bill of particulars. Appellant, in the Circuit Court on the twenty-fifth day of April, 1905, entered its motion for a rule on appellee to file a specific bill of particulars, and on the twenty-ninth day of the same month appellee filed his amended statement which embraced the items objected to. On the third day of May, following, appellant entered its motion for a continuance, alleging surprise, on the ground. that said bill of particulars had been so amended, which motion was, on the following day, allowed by the court. The cause was tried in October, 1905, over *five* months after the appellee had filed his amended bill of particulars. It requires no further statement to show that the trial court exercised toward appellant the utmost fairness, and that there is no merit in the error so assigned.

Appellant next assigns as error the giving of the third instruction for appellee. That instructions reads as follows:

"(3) If the jury believe from the evidence that defendant negligently permitted dead grass, dry weeds, or other dangerous material, to remain upon its right of way, and that a fire was there ignited by sparks from defendant's engine, and that plaintiff's property was damaged by such fire, without negligence on his part, then, regardless of the equipment or repair of such engine, or whether such engine may have been handled skillfully or not, you should find the defendant guilty and assess plaintiff's damages, if any, in such sum as you may believe from the evidence his property, so burned, was reasonably worth; and in addition thereto, such sum for his attorney's fees, as, from the evidence, you may believe him reasonably entitled to."

While the instruction was faulty in stating the measure of damages to be what the property burned was reasonably worth and in allowing the jury to fix appellee's attorney's fees in the case at such sum as from the evidence they may believe him to be reasonably entitled to, yet the giving of such instructions could not, in our judgment, have prejudiced appellant's case.

The evidence shows beyond dispute that appellee's damages, caused by the two fires, were fully $80, tested by the rule that appellant claims to be the correct one, viz., the depreciation in value of the property from immediately before to immediately after the fire. Furthermore, the court gave three instructions for appellant in which the rule for fixing the damages was correctly stated, as now contended by appellant.

The testimony of Mr. Anderson, an attorney, the only witness who testified to what the attorney's services were reasonably worth, was to the effect that such services, rendered appellee in the trial in both courts, were worth from thirty to thirty-five dollars.

The amount of attorney's fees, as fixed by Mr. Anderson, added to the sum which the jury were fully

warranted in giving the appellee for damages done by the two fires, both under the evidence and the rule, as to measure of damages, contended for by appellant, make a total in excess of the amount allowed by the jury in favor of appellee.

We are fully satisfied that the verdict returned was right, and accordingly affirm the judgment.

The motion to tax costs for additional abstract furnished by appellee is denied.

*Affirmed.*