THE COUNTY OF PEORIA, Appellant, *v.* JOHN HARVEY, Appellee, and the same appellant in divers suits, *v.* GEORGE DEBORD, AUSTIN H. GORDON, JOHN NASHAN, CHLOE E. JOHNSON, DAVID HARVEY, WILLIAM McCOY and JAMES SMITH, Appellees.

### APPEAL FROM PEORIA.

By the act of 11th February, 1853, a road was established from Peoria to Rock Island, when it should be viewed, located and reported by commissioners; when this should be done, the damages assessed for that purpose became payable absolutely, and the county court could not lawfully withhold them.

Appeals under the above act, may be taken as is prescribed for taking appeals from justices of the peace, or it may be done by filing certified copies of the proceedings of the commissioners appointed to locate the road.

Security in appeal is not indispensable in all cases, where not required by statute, or by the court granting an appeal, the appellate court may not be without jurisdiction, because of the omission to give security.

THIS is an appeal from the assessment of damages made by commissioners appointed to lay out a state road, under the act of February 11th, 1853. No damages were assessed to appellee.

The assessment was made by commissioners who were duly sworn, etc., and returned by them to the county court of Peoria county.

The County of Peoria *v.* Harvey et al.

The appeal was taken by filing this note with the clerk of the county court.

John Harvey, who is owner of the S. W. qr. Sec. 33, T. 11, R. 7 E., and the N. E. qr. Sec. 4, T. 10, R. 7 E., in Peoria county, appeals from the assessment of damage by the commissioners appointed to locate said road, to the Circuit Court of Peoria county, and states the damages assessed to him are too low, and entirely inadequate, and that in fact his damages will be at least $4,000.

JOHN HARVEY,

By PURPLE, SANGER & PRATT, his Attorneys.

The clerk of the county court certified that said note was filed in his office the 12th of January, 1855 ; and that the commissioners did not assess any damage to plaintiff, as appears by the plat on file in this office.

The cause was entered at the March term, A. D. 1855, of the Peoria Circuit Court.

At that term E. G. Johnson, attorney for the county court, filed a motion in said court to dismiss the appeal, for the following reasons :

1st. Because no appeal is given by statute in the first instance, in such cases.

2d. Because no jury of householders was summoned to assess the damage in this case, and, therefore, no appeal could be taken to this court.

3d. Because, for the reasons above stated, this court has no jurisdiction of said case.

This motion was overruled, and defendant excepted, and a jury ordered to be impanneled to try the case.

The county then objected to the impanneling of a jury to try said case ; because said court had no "jurisdiction to try said case," but the objection was overruled, and defendant excepted.

The jury was then sworn. Plaintiff then offered the plat of said road in evidence, and also the report of the commissioners and certificate thereto attached. The commissioners reported that they had laid out and located a state road from Peoria to Rock Island, by Princeville, Lafayette and Bishop's Hill, to Rock Island, over the most practicable route, according to the plat, and that whenever damages have been allowed by them, they had marked the amount in figures upon the tract, and upon those tracts upon which nothing is marked no damages are allowed.

They also certify, and the record shows, they were duly sworn.

To this evidence the defendant objected, because said plat and report does not prove a legal road, and because it does

not tend to prove said road was ever ordered to be opened and constructed; and because it does not tend to prove that either the county court or board of supervisors of said county had passed upon the question of damages, or ordered the road to be opened, which objection was overruled, and defendant excepted and admitted the plat and report.

Plaintiff then offered evidence tending to prove that he was in possession of the premises described in said appeal, and the amount of damages of said road, if made as located.

Here the plaintiff rested. Defendant then offered in evidence, a lease of said premises to said plaintiff, for a term of years, and evidence tending to prove that plaintiff was not the owner of said premises, but tenant only, holding under said lease, and thereupon moved that the evidence in relation to damage, offered by the plaintiff, be excluded, but the court overruled the motion, and defendant excepted. The plaintiff then asked the court to instruct the jury as follows:

"That the presumption of law is that the damage will be paid, and the road opened as soon as the damages are legally assessed.

"That the plaintiff or claimant is entitled to such damages as he may sustain to his leasehold interest by reason of the opening of the road indicated by the survey and plat."

Which were given, and the defendant then and there excepted.

Defendant then requested the court to give the following instructions:

1st. If the jury find, from the evidence, that the plaintiff in this case is not the owner of the land over which the road passes, but is a tenant for years under a lease from the owner, the plaintiff is entitled to no damage.

2d. Before the road can be opened and worked, the owner of the land is entitled to his damages under the statute, provided he claim the same in a reasonable time.

3d. The lessee is not compelled to fence the said road at any time, and should not receive damages for occupation of the land until the road is actually opened by proper authority, because until that time he is not damnified.

4th. If the road should not be opened during the continuance of the plaintiff's leasehold interest, the plaintiff would be entitled to no damage.

Said instructions, numbers 1, 3 and 4, were refused by the court, and defendant excepted.

The jury returned a verdict for plaintiff and assessed his damages at $200.

The defendant then offered a motion for a new trial, for the following reasons:

1. Because the court erred in entertaining jurisdiction of this cause.

2. Because there was no evidence that said road had been ordered to be opened, or recognized by the county court, or board of supervisors, or that the proper authority of said county had ever passed upon the question of damages in this case.

3. Because there was no evidence offered of the existence of a legal record.

4. Because the court refused to exclude the plaintiff's evidence in said cause.

5. Because the verdict in said case is against the law and evidence.

6. Because plaintiff did not prove, or offer to prove, that plaintiff objected to the said road being laid out and located over said premises, or that the plaintiff claimed damages at the time said road was located over said premises, or that he appealed from the decision of the commissioners to the county court, or board of supervisors.

The court overruled the motion, and the defendant excepted.

Defendant then entered a motion in arrest of judgment, which the court overruled and defendant excepted.

Thereupon the court rendered judgment for the plaintiff for $200 and cost, and defendant appealed to this court, and assigns the following errors:

1. The court erred in not dismissing the appeal.

2. The court erred in retaining jurisdiction of the case.

3. In impanneling a jury.

4. In admitting improper evidence on the part of plaintiff.

5. In excluding proper evidence on the part of defendant.

6. In giving improper instructions on the part of plaintiff.

7. In refusing proper instructions on the part of defendant.

8. In refusing a new trial.

9. In overruling the motion in arrest.

10. In rendering judgment for plaintiff.

The proceedings in the other cases were similar to the above. The other appellees were owners of the land, and the damages were different in the different cases. The cases were heard before GALE, Judge, at May term, 1856, of the Peoria Circuit Court.

WEAD and WILLIAMSON, for Appellant.

N. H. PURPLE, for Appellees.

SCATES, C. J. The eight foregoing defendants were owners of land on the route of a state road, each of whom appealed from the award of damages by the commissioners.

The act of 11th February, 1853 (Acts 1853, p. 194), provided for the location and establishment of a state road from Peoria to Rock Island. When reviewed, located and reported by the commissioners, the road was established by the act, and the damages assessed became payable absolutely. No discretion was left to be exercised by the county court or board of supervisors.

This proceeding has been resisted in the court below, and here, upon the supposition that the county authorities possessed the powers and discretion conferred by the 38th section of the law in relation to roads (Rev. Stat. p. 488, Sec. 38), and that the proceedings to establish a public road must be under that act. But we regard the proceeding as being wholly under the act of 1853, and independent of the judgment of the county court. Their jurisdiction and authority is that of passive obedience in carrying the act into effect by paying the damages which may be assessed, and causing the road to be opened by the supervisors, as established by the viewers under the act.

There was no necessity, therefore, on the part of the landholders, to show an order of the county court establishing the road, for that was done by the act. Nor could the court defeat it, by a refusal to pay the damages; they became due and payable as matter of debt, when duly assessed, and the county court could not lawfully withhold them. *People ex rel. Higgins* v. *The City of Chicago*, 18 Ill. R. 276; *The County of Sangamon* v. *Brown et al.*, 13 Ill. R. 207, was a proceeding under the 38th section of the general law, giving the power to the county court to locate and establish roads, and, therefore, unlike this, the act established this road. The commissioners were empowered, both to locate it, and assess the damages done to owners of land over which they located it. This they did and reported to the county courts. (See Acts, 1853, p. 195, Secs. 2, 3, 4, 5.) Section six required counties to pay the damages so assessed, and section seven required the road, so located, to be opened and worked as a public highway. Section six also allowed appeals to be taken as then provided by law, for laying out roads and appraising damages.

This must be done under the provisions of the 38th section of Rev. Stat., title Roads, p. 488, for the act in relation to the "Right of Way," Cap. 92, so far as public highways are concerned, is repealed in the matters of assessing damages, as held in the *County of Sangamon* v. *Brown et al.*

The 38th section has prescribed no particular mode or time of appealing. The 4th section of the act in relation to the "Right of Way" (Rev. Stat. p. 478), provided for taking appeals in such cases, in the same manner, etc., as from

justices of the peace. But as that act is, as to public high-ways, repealed by the act in relation to "roads," in the following chapter, which makes other and specific provision for public highways, and, in general terms, simply gives an appeal from the decisions of the commissioner's court, without prescribing in what manner it shall be taken. This is the state of the law in relation to taking appeals in cases of laying out roads and appraising damages.

The act of 1853, under which these proceedings are had, simply provides for an appeal, as now provided by law, in such cases.

How, then, should appeals be taken? Doubtless an appeal taken in the mode prescribed for taking appeals from justices of the peace would be a valid mode of exercising that right. But we cannot say that it is the indispensable mode, under section 38, of revised statutes, and the 6th section of the act of 1853.

There are many modes in which the right of appeal may be exercised; and, among them, we cannot deny the circuit court jurisdiction of the case, in the mode adopted here, of filing certified copies of the proceedings of the commissioners to view, locate and assess damages. The giving of bond and sureties is not essential, in all cases, as part of an appeal, but only in those cases in which it is required by statute, or by the order of the court, allowing the appeal in cases where the court possesses power to prescribe such terms. None have been prescribed by statute, or order of court, in this case, and we cannot, therefore, deny or oust the jurisdiction.

As the county has no power, discretion or judgment to refuse payment of the damages, or to open the road as located, the defendant is absolutely entitled to the amount, and may have judgment therefor.

The eight foregoing cases were all under the same proceeding, being different owners on the route of the same highway. The only difference is, that in the first case against John Harvey, no damages were allowed him by the commissioners. From this refusal to allow him damages, his right of appeal was as complete as each of the others to whom different sums had been awarded by the commissioners.

Judgment will be affirmed in such case for the amount recovered in the circuit court.

*Judgment affirmed.*