THE JOLIET AND CHICAGO RAILROAD COMPANY, Appellant,
v. JOHN BARROWS, Appellee.

### APPEAL FROM COOK.

Where the statute gives an appeal from an assessment, for a right of way, a cer-
tiorari will be sustained; it appearing that petitioner had not notice of the
assessment, or an opportunity to appeal.

A certiorari in such a case, is in the nature of an appeal from the decision of a
justice of the peace, and governed by the same rules; therefore, the railroad
company had a right to dismiss its proceeding for a condemnation, in the Circuit
Court; but by doing so, any steps previously taken would not protect the cor-
poration.

ON the 23rd day of November, 1857, John Barrows filed, in
the Circuit Court of Cook county, his sworn petition for a certio-
rari, stating,

That he is and was, on the 24th June, 1857, the owner of N.
W. qr. Sec. 22, T. 37 north, R. 11 east, in Cook county.

That said railroad company, before that day, had located
their line of road over said land diagonally.

That he had a dwelling and two out-houses on said land, and
on the line of said railroad so located, and they must be removed
to construct the road.

That on the 24th June, 1857, the company applied to a jus-
tice of the peace to appoint commissioners to assess damages, and
that he did on that day appoint three commissioners, and that
said commissioners did, about the 15th of August, 1857, make
and leave with said justice their report in writing, wherein it is
stated that they had assessed the damages which the petitioner
would sustain by construction of said road, over and above the
enhancement of said premises, at $250.

That the petitioner is, and for the last six months has been,
residing on said land, and that he was wholly uninformed, until
about the 1st day of October, 1857, by any person, of the
appointment of said commissioners, nor was he advised by whom
such appointment was made, nor that said commissioners had or
were to assess said damages, or that they had made any report
of such assessment, when the agent of said company told him
that persons had been appointed to assess, and had assessed the
damages of petitioner in that behalf, and that the amount of said
assessment was at the office of Mr. DeWolf in Chicago, ready
to be paid to him, but he did not state by whom such persons
were appointed.

That petitioner has never been notified by said corporation of
any of said proceedings, and that all of said proceedings were
had without his knowledge, and that, for the reasons aforesaid,

he could not take his appeal from the assessment within the time limited by law in such cases.

That said assessment is unjust, and that his damages are more than $1,000, as deponent believes, etc.

A *certiorari*, allowed by Judge MANIERRE, upon petitioner entering into bond in the penal sum of $200, with good sureties.

The *certiorari* was issued Nov. 23rd, 1857, and was returned by the justice, setting out the petition, order of appointment, and report of assessment of commissioners, with the map attached.

The cause was docketed in said court thus : " Joliet & Chicago Railroad Company *vs.* John Banons, Appeal," and the record recites, that plaintiffs moved to dismiss the appeal, because, 1st, The petition is insufficient; 2nd, The bond is insufficient. The court gave leave to appellant to amend his bond, and overruled the motion to dismiss the appeal ; and appellant then introduced his testimony.

After appellant closed his proof, the appellee asked leave to dismiss, without prejudice, the proceedings for the condemnation of this property, and that a judgment should be entered against the appellee in the nature of a non-suit. This the court refused to permit, and decided that appellee had no right to dismiss the proceedings in that way.

There was conflicting evidence on most of the points.

The jury rendered a verdict as follows : " We, the jury, find for the plaintiff, and assess the damages at twelve hundred dollars. A. PIERCE, Foreman."

The court modified the language of the verdict so as to make it read, " We, the jury, find for Barrows, the owner of the land, and assess the damages at twelve hundred dollars."

Thereupon the appellant moved for a new trial, which motion for a new trial was overruled ; to which decision the appellant, by its counsel, excepted, and brings the cause by appeal to this court. There was a judgment on the verdict.

T. L. DICKEY, for Appellant.

HOYNE, MILLER & LEWIS, for Appellee.

WALKER, J. The petition for a writ of *certiorari* in this case alleges, that the application to the justice of the peace, for the appointment of commissioners, and the assessment of damages for the right of way, were without the knowledge of the petitioner. That these facts did not come to his knowledge until long after the expiration of twenty days from the assessment of the damages. While this petition may not be drawn with per-

fect accuracy and formal precision, it clearly shows that the appellee had no notice of the proceeding, or any opportunity to be heard on the assessment of the damages, or to perfect an appeal from the finding of the commissioners. The statute gives an appeal in this proceeding in the same manner as from judgments of justices of the peace in ordinary cases. And we think, that this petition discloses such facts as render it substantially sufficient, and the court below committed no error in overruling the motion to quash the petition and dismiss the *certiorari*.

By whatever name this proceeding may be called, it is only another mode of perfecting an appeal from the judgment of a justice of the peace, when the party has been prevented from doing so in the usual time, and ordinary mode. When it is perfected in this mode, it is in all respects governed by the same rules in the trial of the case in the appellate court as if it was an ordinary appeal. By it the judgment from which it is prosecuted is vacated, and the cause stands for trial *de novo*, as other appeals from the judgment of justices of the peace. This being the case, the railroad company had the right to pursue the same course with the cause in the Circuit Court, which they would, had it been an ordinary appeal. And it has been held that the plaintiff after the appeal is perfected and the case is pending in the Circuit Court, has the right to dismiss his suit, as though it had originated in that court. *Shaffer* v. *Currier*, 13 Ill. R. 667. This proceeding having been instituted by the company, after it was legally pending in the Circuit Court, it was under their control, and they had the right either to dismiss it, or to proceed to trial. They asked leave to dismiss the suit and the motion was overruled by the court. This was error, as they might exercise that right at any time before the jury retired to consider of their verdict. But they by doing so would leave themselves in the same situation as though the proceedings had never been instituted. The steps already taken, would form no protection to acts of the company. The judgment of the court below must be reversed, and the motion of the appellants to dismiss the proceeding is allowed, and it is dismissed. The appellee will pay the costs of this court, and the appellants the costs of the court below.

*Judgment reversed.*