## BENN PHILIPS REYNOLDS

### v.

## MARIA E. DE GEER.

| | |
|---|---|
| 13 | 113 |
| 72 | 195 |

| | |
|---|---|
| 13 | 113 |
| 97 | ¹265 |
| 97 | ¹267 |
| 97 | ²510 |

| | |
|---|---|
| 13 | 113 |
| 105 | ¹371 |

| | |
|---|---|
| 13 | 113 |
| 113 | ¹486 |

1. ATTACHMENT—APPEAL.—Where a justice dissolved an attachment and ordered that it s'and as a summons, and rendered judgment in favor of the plaintiff and against the defendant for $71, and an execution was sued out and levied upon the property attached, and defendant removed said cause to the circuit court, by appeal. *Held*, that the adjudication had before the justice was *vacated* and the cause was removed to the circuit court for a trial *de novo;* that such appeal set aside not merely the judgment in favor of plaintiff for his debt, but the entire adjudication.

2. THE SAME.—In an action for malicious prosecution for the wrongful suing out of such attachment writ, it was incumbent upon appellee to show not only that the suing out of the attachment writ was malicious and without probable cause, but also that the proceeding, so far at least as the attachment was concerned, had been legally terminated in appellee's favor. As there was no evidence that the appeal had been disposed of, the counts for malicious prosecution and for trover can not be maintained.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed June 27, 1883.

Mr. C. STUART BEATTIE, for appellant; that malice is unimportant if there be probable cause for the suing out of a writ of attachment, cited Barrett v. Spaids, 70 Ill. 410; Liedig v. Rawson, 1 Scam. 272; Jacks v. Stinson, 13 Ill. 702; McBean v. Ritchie, 18 Ill. 114; Hurd v. Shaw, 20 Ill. 345; Wade v. Walden, 23 Ill. 425; Israel v. Brooks, 23 Ill. 575; Ross v. Innis, 35 Ill. 487; Michinson v. Cross, 58 Ill. 366.

The burden of proving want of probable cause is upon appellee: Ross v. Innis, 35 Ill. 505; Michinson v. Cross, 58 Ill. 369.

Plaintiff to maintain case or trover must show that he has either a general or special property in the thing converted and the right to its possession: Bertholf v. Quinlan, 68 Ill. 300; Eisendrath v. Knauer, 64 Ill. 396; Forth v. Pursley, 82 Ill. 152; Owens v. Weedman, 82 Ill. 417.

If special damages have been sustained, intermediate the conversion and return of the property such damages must be distinctly alleged in the declaration and proved on the trial: Sedgwick on Measure of Damages, 5th ed., 568–9; Moore v. Raphel, 2 Bing. (N. C.) 310; Barrelett v. Bellgard, 71 Ill. 283.

As to instructions: City of Freeport v. Isbell, 83 Ill. 440; Ludwig v. Sagar, 84 Ill. 100; T. W. & W. Ry. Co. v. Corn, 71 Ill. 497.

Misses PERRY & MARTIN, for appellee; that if an author dispose of his manuscript to a publisher with the intention that he shall publish it, he can not copyright the work so published, cited 2 Morgan's Law of Literature, 632; Paige v. Banks, 7 Blatchf. 152.

A new trial will not be granted merely on the ground that improper instructions have been given when it appears substantial justice has been done: Beseler v. Stephani, 71 Ill. 400; Hewitt v. Jones, 72 Ill. 218; Burling v. I. C. R. R. Co. 85 Ill. 18.

BAILEY, P. J. This is an action of trespass on the case. The first count of the declaration alleges, in substance, that the plaintiff was the owner and in possession of certain goods and chattels, and that the defendant, for the purpose of getting possession of the same, wrongfully and maliciously, and without probable cause therefor, sued out an attachment against the property of the plaintiff before a justice of the peace, falsely alleging that she was a non-resident of the State, and caused said goods and chattels to be seized under said writ; that said attachment was quashed and determined in her favor on the ground that she was a resident of this State, but that judgment was rendered against her in said suit for $71; that the defendant sued out an immediate execution on said judgment and caused the same to be levied on said goods and chattels; that the plaintiff thereupon removed said cause by appeal to the Circuit Court of Cook county, and that the papers in the cause had been filed and the cause dock-

Reynolds v. De Geer.

eted in that court; that while said goods and chattels were in the custody of the constable, under said writs of attachment and execution, the defendant wrongfully, unjustly and maliciously contriving, etc., took possession thereof and refused to deliver them to the plaintiff, although she, after perfecting her appeal, and before the commencement of this suit, had repeatedly demanded possession thereof of him. The second count of the declaration is in trover, charging the defendant with the conversion of said goods and chattels.

The evidence shows that the defendant sued out a writ of attachment before a justice of the peace and caused the same to be levied as alleged in the declaration; that the plaintiff appeared and traversed the affidavit in attachment by plea in abatement, and that the justice found the issue upon said plea in favor of the plaintiff in this suit, but also found that said plaintiff was indebted to the defendant in the sum of $71, and thereupon dissolved the attachment and ordered that it stand as a summons, and rendered judgment in favor of said defendant and against said plaintiff for $71 and costs; that an execution was immediately sued out, and levied upon the property attached, and that shortly thereafter the plaintiff removed said cause to the circuit court by appeal, whereupon said execution was returned by order of said defendant. It is neither alleged in the declaration, however, nor is there any evidence tending to show that said appeal had been disposed of, but so far as appears it was pending and undetermined at the time of the commencement of this suit and even at the time of the trial.

The evidence also shows that upon the service of the attachment writ the goods and chattels seized were stored by the constable in one of the rooms occupied by the defendant as his business office, and that they remained there up to the time the execution was levied thereon, and were left there after said levy; that a few days thereafter, said goods and chattels disappeared from said room, the defendant alleging that they were taken away by the plaintiff, and the evidence as to whether they were removed by her or by some person unknown, being conflicting.

It is manifest that upon the facts thus disclosed, the plaintiff is entitled to recover under neither count of the declaration. Under the first count which was doubtless intended as a count for malicious prosecution, it was incumbent on the plaintiff to show, not only that the suing out of the attachment writ, was malicious and without probable cause, but also that the proceeding, so far at least as the attachment was concerned, had been legally terminated in the plaintiff's favor. Feazle v. Simpson, 1 Scam. 30; McBean v. Ritchie, 18 Ill. 114; Blalock v. Randall, 76 Id. 224; Schoonover v. Myers, 28 Id. 308. To sustain the count in trover, the plaintiff was bound to show not only that she had the general or a special property in said goods and chattels, and that they had been wrongfully converted by the defendant, but also that she was entitled to the immediate possession thereof. Forth v. Pursley, 82 Ill. 152; Owens v. Weedman, Id. 409; Bertholf v. Quinlan, 68 Id. 297; Davidson v. Waldron, 31 Id. 120.

It is true the justice rendered a final judgment dissolving the attachment, thus determining the proceeding, so far as the attachment was concerned, in the plaintiff's favor. The writ, however, was ordered to stand as a summons, and judgment being rendered against the plaintiff for the amount of her indebtedness to the defendant, as found by the justice, she took an appeal to the circuit court. By said appeal, the adjudication had before the justice was *vacated*, and the cause was removed to the circuit court for a trial *de novo*. Joliet and Chicago R. R. Co. v. Barrows, 24 Ill. 562; Shaffer v. Currier, 13 Id. 667; Tindall v. Meeker, 1 Scam. 137; Swingley v. Haynes, 22 Ill. 214; Waterman v. Bristol, 1 Gilm. 593. The appeal set aside not merely the judgment in favor of the defendant for his debt, but the entire adjudication, including that by which the attachment was dissolved. The whole controversy was opened, and the case was thenceforth in the same plight, as though no trial had been had, or judgment rendered upon any of the issues submitted to the justice. It follows, that, unless the appeal had been tried or otherwise finally disposed of at the time the present suit was

commenced, of which, as we have seen there is no evidence, the attachment was then pending and undetermined, and the suit, so far as it is based upon the count for malicious prosecution can not be maintained.

For the same reason no recovery can be sustained under the second count of the declaration. The attachment being in full force as it was during the pendency of the appeal, the goods and chattels attached were rightfully held by the officer under that writ. The right of possession was in him and not in the plaintiff, and she therefore could not maintain an action of trover for their conversion.

The jury found the defendant guilty, and assessed the plaintiff's damages at $150, and the court after denying the defendant's motion for a new trial, gave judgment on the verdict. There being no evidence to sustain the verdict, the judgment must be reversed, and the cause remanded.

Judgment reversed.