## THE CITY OF AURORA

*v.*

## ADAM SCHOEBERLEIN.

*Opinion filed October 23, 1907—Petition stricken Dec. 10, 1907.*

1. APPEALS AND ERRORS—*jurisdiction of the subject matter may be questioned for the first time on appeal.* Jurisdiction of the subject matter cannot be conferred by consent of the parties nor be waived by failure to object, and may be questioned for the first time on appeal or writ of error, or, if the objection is raised in the trial court, no bill of exceptions is necessary to preserve the question for review on appeal or writ of error.

2. SAME—*when appeal is properly taken direct to the Supreme Court.* If the alleged want of jurisdiction by the trial court of the subject matter results from the unconstitutionality of a statute purporting to confer such jurisdiction, the Supreme Court, and not the Appellate Court, has jurisdiction of a direct appeal or writ of error.

3. MUNICIPAL CORPORATIONS—*powers of board of fire and police commissioners are executive.* The board of fire and police commissioners provided for by the act of 1903 (Laws of 1903, p. 97,) is a branch of the executive department of the city government and all its acts and powers are purely ministerial or executive; nor can the legislature confer upon such board any judicial power.

4. CONSTITUTIONAL LAW—*removal of an officer is not exercise of judicial power.* The fact that the act of 1903 authorizes the board of fire and police commissioners to remove an officer for cause, after hearing and an opportunity to make a defense, does not vest the board with judicial power, since there is no such thing as title or property in a public office.

5. SAME—*a decision of a judicial tribunal is essential to an appeal.* There can be no appeal, in a legal sense, unless there has been a decision by a judicial tribunal, but statutes giving what is termed a right of appeal from a non-judicial body to a court may be sustained if such court, by virtue of its general powers, has jurisdiction, under some other form of procedure, of the individual or property rights involved.

6. SAME—*section 18 of act of 1903, authorizing appeal from orders of fire and police board, is unconstitutional.* Section 18 of the act of 1903, purporting to authorize any person interested to appeal to the circuit court from any order of the board of fire and police commissioners, is unconstitutional and void, since such board be-

longs to the executive branch of government, and the enforcement of said section 18 would result in the circuit court assuming and exercising executive powers.

7. COURTS—*right of appeal is not determined by fact that certiorari will lie.* The fact that courts have jurisdiction to issue the writ of *certiorari* to determine whether inferior tribunals have acquired jurisdiction to act or have proceeded according to law does not determine the status of such inferior tribunal as being a judicial body, from whose orders an appeal will lie to the superior tribunal.

APPEAL from the Circuit Court of Kane county; the Hon. CHARLES A. BISHOP, Judge, presiding.

C. F. CLYNE, N. J. ALDRICH, and B. P. ALSCHULER, for appellant:

Section 18 of the Civil Service act of 1903 is unconstitutional and void.

A board of fire and police commissioners in a city is a branch of the executive department of government. Elliott on Appellate Proc. sec. 3; *Telegraph Co.* v. *Bank,* 74 Ill. 220; *Donohue* v. *Will County,* 100 id. 103; *State* v. *Common Council,* 64 N. W. Rep. 305; *Maxwell* v. *People,* 189 Ill. 556; *Ex parte Logan Branch Bank,* 1 Ohio St. 433; Const. art. 6, sec. 29; Rev. Stat. chap. 24, sec. 434*a.*

The circuit court, in entertaining an appeal as provided by the statute and in reviewing the action of the board, assumed to exercise executive functions, which is in violation of article 3 of the constitution of Illinois. Elliott on Appellate Proc. secs. 3, 17; *Ex parte Griffith,* 118 Ind. 84.

The board of fire and police commissioners is a non-judicial body. Its acts, as in this case, are not judicial acts, the board being the appointing power. An appeal contemplates the removal of a cause from one judicial body to another for review, etc., and there must be a judgment or decree of the inferior court to be appealed from. Elliott on Appellate Proc. secs. 1-16; 2 Am. & Eng. Ency. of Law, (2d ed.) 425; Bouvier's Law Dict.; *Hawkins* v. *State,* 125

Ind. 572; *State* v. *Noble,* 117 id. 352; *Vandercook* v. *Williams,* 106 id. 346; *People* v. *Maynard,* 14 Ill. 418; *Bowman* v. *Railway Co.* 102 id. 467; Const. art. 6, sec. 1.

RAYMOND & NEWHALL, and F. R. REID, for appellee:

A case cannot be brought by appeal or writ of error to the Supreme Court as involving the validity of a statute unless the record shows that the question was in some way presented to the trial court for its decision. *Railway Co.* v. *McGrath,* 195 Ill. 104; *Shade Co.* v. *Veight,* 161 id. 337.

If it was claimed that the act was unconstitutional the judgment of the trial court should have been asked upon that question, so that it might be presented here as a matter of law. Where no objection is made in the trial court by a party in a civil case that he is deprived of his right by an unconstitutional law it cannot be raised here. *Savings Ass.* v. *People,* 184 Ill. 129; *Supervisors* v. *Highway Comrs.* 164 id. 574.

In the absence of a bill of exceptions, only such errors as appear upon the face of the record proper can be considered by the Supreme Court. *Kalish* v. *Chicago,* 219 Ill. 133; *Close* v. *Chicago,* 217 id. 216; *LeFevere* v. *Watson,* 70 Ill. App. 646.

The circuit court has jurisdiction to review the proceedings of civil service commissioners in removing a person from office. *Powell* v. *Bullis,* 221 Ill. 379; *Chicago* v. *Condell,* 224 id. 595.

In the absence of a constitutional provision on the subject, the power of prescribing the manner of making appointments to an office falls naturally and properly to the legislative department and may be exercised by it.

An office created by statute is wholly within the control of the legislature, and, unless forbidden by the constitution, the length of term and mode of appointment and removal may be altered by the legislature at pleasure. *Chicago* v. *Luthardt,* 191 Ill. 516; *People* v. *Loeffler,* 175 id. 585; *Peo-*

*ple* v. *Kipley*, 171 id. 44; *Arnold* v. *Allen*, 173 id. 229; *Crook* v. *People*, 106 id. 237; *People* v. *Lippincott*, 67 id. 333; 23 Am. & Eng. Ency. of Law, (2d ed.) 404.

Under the Civil Service act all the offices and places of employment which are provided for are those of cities, towns and villages, and are created by statute or ordinance, and not by special constitutional provision. *People* v. *Loeffler*, 175 Ill. 585.

The power to appoint local municipal officers is not specifically designated in the constitution as either a legislative, judicial or executive power, and therefore the legislature has the right to provide the method of filling such offices in such manner as it deems best, and to vest the right of removal in the appointing power, the board of commissioners or the courts. *People* v. *Supervisors*, 223 Ill. 187; *People* v. *Morgan*, 90 id. 558; *People* v. *Hoffman*, 116 id. 587; 23 Am. & Eng. Ency. of Law, (2d ed.) 342.

Election commissioners may be appointed and removed by the courts in the manner provided by the legislature without infringing upon the legislative, executive and judicial classifications, as enumerated in the constitution. *People* v. *Hoffman*, 116 Ill. 587; *Sherman* v. *People*, 210 id. 552.

The legislature may, by proper enactment, vest in the courts the power to appoint and remove local municipal officers, such as drainage commissioners, park commissioners and election commissioners. *People* v. *Nelson*, 133 Ill. 565.

Section 18 of the Civil Service act in question is not unconstitutional because of a provision that an appeal may be taken from the order of the board of fire and police commissioners to the circuit court. *Chicago* v. *Condell*, 224 Ill. 595; *Powell* v. *Bullis*, 221 id. 379; *Joyce* v. *Chicago*, 216 id. 466; *Rowe* v. *Bowen*, 28 id. 116; *Peoria County* v. *Harvey*, 18 id. 365; *Bureau County* v. *Railroad Co.* 44 id. 229; *Owners of Land* v. *People*, 113 id. 296; *Rockford* v. *Compton*, 115 Ill. App. 406; *People* v. *Welby*, 75 id. 514; 23 Am. & Eng. Ency. of Law, (2d ed.) 428, 429.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 10, 1905, written charges against appellee, fire marshal of the city of Aurora, were presented to the board of fire and police commissioners of said city in pursuance of section 12 of an act entitled "An act to provide for the appointment of a board of fire and police commissioners in all cities of this State having a population of not less than seven thousand nor more than one hundred thousand, and prescribing the powers and duties of such board," in force April 2, 1903. (Laws of 1903, p. 97.) After an investigation, at which appellee was heard in his own defense, the board found him guilty as charged and made an order removing him from office. Within ten days after the entry of the order appellee filed with the secretary of the board a bond for an appeal to the circuit court of Kane county, in which said city is located, and on November 21, 1905, the secretary transmitted to the court a transcript of the proceedings before the board, in compliance with section 18 of said act, which purports to allow an appeal to the circuit court from any order of a board created under the act. The record recites that appellant filed its motion to dismiss the appeal on the ground that section 18 is unconstitutional and void, and the court denied the motion. No bill of exceptions was taken at the time and there was no extension of time for tendering such a bill. The appeal was subsequently called for trial before another judge and the court ordered a trial *de novo,* against the objection of appellant, and called a jury against like objection. The files of the proceeding consisted of the written charges, the evidence produced before the board and the order of removal, and the jury were sworn to try the issues joined and a true verdict render according to the evidence. Both parties introduced testimony relating to the charges, and at the conclusion of the evidence the court, on motion of appellee, instructed the jury to find him not guilty. A verdict of not guilty was thereupon re-

turned, and the court entered an order reversing the order of the board removing appellee from office, and ordered the board forthwith to re-instate and re-employ him as fire marshal, and to allow him to perform the duties and services connected with that office and collect the salary and compensation allowed therefor, and also rendered judgment against appellant for costs. From that judgment an appeal was prosecuted to this court, and among other assignments of error is one that the circuit court had no jurisdiction of the subject matter, and that section 18 of said act authorizing an appeal is unconstitutional and void.

Counsel for appellee contend that we cannot entertain the appeal, for the reason that 'the question of the validity of the statute which purports to authorize an appeal to the circuit court was not preserved for review. They are correct in saying that the ruling of the court on the motion to dismiss the appeal was not preserved by the motion for a new trial before another judge. (*Guyer* v. *Davenport, Rock Island and Northwestern Railway Co.* 196 Ill. 370; *Cella* v. *Chicago and Western Indiana Railroad Co.* 217 id. 326.) There was a motion in arrest of judgment, which was general in terms and sufficient to raise the question of the jurisdiction of the court, but if there had been neither motion to dismiss nor motion in arrest of judgment the question of jurisdiction could be raised by assignment of error in this court. The assignment of error is based on matters apparent on the face of the record and requires no bill of exceptions. Jurisdiction of the subject matter cannot be conferred by agreement of parties and a want of jurisdiction cannot be waived by failing to object. The question of jurisdiction of the subject matter may be raised for the first time on appeal or error. (*Chicago Portrait Co.* v. *Chicago Crayon Co.* 217 Ill. 200; 2 Cyc. 680; 12 Ency. of Pl. & Pr. 186.) If the want of jurisdiction of the subject matter results from the unconstitutionality of an act purporting to confer jurisdiction, an appellate court has no power to decide the

question and an appeal is properly brought direct to this court.

The board of fire and police commissioners of the city of Aurora is a branch of the executive department of the city government, and all the acts and powers of the board are purely ministerial or executive. The legislature could not confer upon the board any judicial power whatever. By article 3 of the constitution the powers of the government are divided into three distinct departments,—the legislative, executive and judicial,—and it is provided that no person or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as thereinafter expressly directed or permitted. By section 1 of article 6 the judicial powers are vested in certain courts, and a board of fire and police commissioners cannot assume or exercise any part of the judicial power. (*George* v. *People,* 167 Ill. 447.) Neither does the act purport to give to such boards any judicial power. They are authorized by statute to remove an officer for cause, after a hearing and an opportunity to make a defense, and that authority implies the power to judge of the existence and sufficiency of the cause; but there is no such thing as title or property in a public office and the removal of an officer is not the exercise of judicial power. (*Donahue* v. *Will County,* 100 Ill. 94; *Stern* v. *People,* 102 id. 540.) No right of life, liberty or property was involved or adjudicated before the board in this case. Although the exercise of the power of removal involved judgment and discretion, it was not a judicial act. It has been said that where an act is the result of judgment and discretion and a decision upon the facts it is of a judicial nature; but there is a clear distinction between such acts and the exercise of judicial power which adjudicates upon and protects the rights and interests of individuals and to that end construes and applies the law.

An appeal is a step in a judicial proceeding, and in legal contemplation there can be no appeal where there has been

no decision by a judicial tribunal. Two things are essential
to an appeal, in its proper sense: First, the decision of a
judicial tribunal; and second, a superior court invested with
authority to review the decision of the inferior tribunal.
(Elliott on Appellate Procedure, sec. 15.) There have been
cases where the jurisdiction of courts has been sustained in
what were called appeals from inferior bodies having non-
judicial powers, such as the case of establishing a road
by commissioners involving an appraisement of damages;
(*County of Peoria* v. *Harvey,* 18 Ill. 364;) or an assess-
ment of damages for a right of way; (*Joliet and Chicago
Railroad Co.* v. *Barrows,* 24 Ill. 562;) or the trial of a right
to property levied upon and claimed by a third party before
a sheriff and jury; (*Rowe* v. *Bowen,* 28 Ill. 116;) or an
assessment of property for taxation. (*Bureau County* v.
*Chicago, Burlington and Quincy Railroad Co.* 44 Ill. 229.)
The nature of such proceedings was explained in the case of
*Maxwell* v. *People,* 189 Ill. 546, where it was held that there
can be no such thing as an appeal, in a legal sense, from a
non-judicial body to a court. It was said that appellate ju-
risdiction is the attribute of a court created for reviewing
the decisions of inferior courts and not of inferior bodies
non-judicial in character, citing *People* v. *Cook Circuit
Court,* 169 Ill. 201; and it was held that this court takes
jurisdiction of what is called an appeal in cases relating to
the revenue, in the exercise of its original jurisdiction con-
ferred by the constitution. If a controversy belongs to a
class of cases of which a court has original jurisdiction and
it is brought before the court in the method prescribed by
the legislature, the court may take jurisdiction by virtue of
its general powers, but. so far as the remedy is judicial it
begins with a presentation of the case to the court. The
cases in which appeals from non-judicial bodies to courts
have been recognized have involved individual or property
rights of which the court had jurisdiction under some other
form of procedure, and belonged to classes of cases in which

the court, acting judicially, could afford a remedy. This proceeding is not of that character. The section in question purports to authorize an appeal from any order of the board by any person interested or affected, and if it should be sustained it would result in the circuit courts assuming and exercising executive powers. They would practically control the appointment and removal of members of fire departments in the cities of this State to which the act applies, by the exercise of judgment and discretion as to fitness and qualifications of individuals for positions in such departments, and not by adjudicating rights or applying the rules of law. That would be the exercise of executive powers, which the separation of departments of the government precludes the court from exercising.

The fact that courts have jurisdiction to issue the common law writ of *certiorari* to determine whether inferior bodies have acquired jurisdiction to act and have proceeded according to law can have no influence upon the question here involved. The courts do not, by virtue of that writ, review the decisions of the inferior bodies or determine the facts. It has been held competent for the legislature to confer on persons holding judicial offices the power to appoint officers whose selection or appointment cannot be classed as belonging to either of the departments of government; (*People* v. *Morgan,* 90 Ill. 558; *People* v. *Hoffman,* 116 id. 587;) but we do not think there can be any doubt that officers of a fire department belong to the executive branch of the government.

Section 18, which purports to authorize an appeal to the circuit court from any order of a board of fire and police commissioners, is unconstitutional and void, and the judgment of the circuit court is reversed.

*Judgment reversed.*