ERNEST B. CONOVER, Plaintiff in Error, *vs.* CHARLES B. GATTON *et al.* Defendants in Error.

*Opinion filed October 25, 1911—Rehearing denied Dec. 6, 1911.*

1. JURISDICTION—*jurisdiction cannot be conferred by consent.* Jurisdiction of the subject matter cannot be conferred by consent nor by failure of the parties to object to the taking of jurisdiction.

2. SAME—*when appeal from a non-judicial body may be entertained.*. An appeal authorized by the legislature to be taken to a court from the action of a non-judicial body may be entertained if the state of facts is such that the appellate tribunal would have had original jurisdiction of the controversy in some form of action.

3. SAME—*the opening or vacating of roads is not an exercise of judicial power.* The granting of a petition to open or vacate a road is not an exercise of judicial power by the highway commissioners, as judicial power is not exercised where no legal rights are adjudicated upon nor any law construed or applied.

4. SAME—*circuit court has no jurisdiction of appeal from action of highway commissioners in vacating a road.* The circuit court has no jurisdiction, under section 106 of the Roads and Bridges act, in counties not under township organization, to entertain a so-called appeal from the action of the highway commissioners in granting a prayer of a petition to vacate a road; and this is true notwithstanding the power of the circuit court to bring the proceedings of the commissioners before it on writ of *certiorari.*

HAND and FARMER, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding.

A. A. LEEPER, for plaintiff in error.

J. J. NEIGER, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

A petition was filed with the commissioners of highways of road district No. 6, in Cass county, for the vacation of certain parts of streets in Beer's Cheston Hill addition to the city of Virginia, located outside the corpo-

rate limits of the city but within the boundaries of the road district. A remonstrance was filed, and after a hearing the prayer of the petition was, in part, granted. The defendants in error here appealed to the circuit court pursuant to the provisions of section 106 of the Road and Bridge act in counties not under township organization, (Hurd's Stat. 1909, p. 1953,) setting forth in their petition as the grounds of their appeal substantially that the vacation of the streets is in the interest of one individual and against the interest of the public, that it injures the defendants in error and all of the freeholders residing in the district within three miles of the streets vacated, without benefit to any of them, and that it is against the interest and protest of the majority of the freeholders residing upon and near such streets. The plaintiff in error made a motion to dismiss the appeal and the court overruled it. A trial by a jury was had, the isssues were found in favor of the defendants in error, and a judgment was rendered that the action of the commissioners be not sustained. A writ of error has been sued out of this court, and the action of the circuit court in overruling the motion to dismiss the appeal is assigned as error.

The only question we deem it necessary to consider is the jurisdiction of the court, for if the court had no jurisdiction of the subject matter it should have dismissed the appeal, whether any motion was made for that purpose or not. Jurisdiction of the subject matter cannot be acquired by consent or by failure to object. The constitution provides that "the powers of the government of this State are divided into three distinct departments,—the legislative, executive and judicial; and no person or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." This classification of the powers of government is incapable of sharp definition, because the duties required of each department

will by their nature sometimes encroach upon the field of another. Cooley, in his work on Constitutional Limitations, (7th ed. 132,) says, in considering judicial power, that to adjudicate upon and protect the rights and interests of individual citizens, and to that end to construe and apply the law, is the peculiar province of the judicial department. This power, it is said in *Owners of Lands* v. *People,* 113 Ill. 296, "has never been held to apply to those cases where judgment is exercised as incident to a ministerial power." Executive officers are frequently under the necessity of determining facts from evidence or their own knowledge and of deciding and acting in accordance with such finding. The acts of clerks, sheriffs and constables in taking and approving bonds, of assessors and boards of review in valuing property for taxation, of city councils in granting or revoking licenses to keep dram-shops or to conduct business of various kinds, of superintendents of schools in granting and revoking teachers' certificates, of the State Board of Health in ascertaining and determining qualifications of physicians to practice medicine and in granting and revoking permits for that purpose, of boards of supervisors in removing county officers, are all based upon the judgment of the respective officers, require the exercise of discretion and are in their nature judicial. The power exercised is not, however, that belonging to the judicial department of the government, but is incidental only to the executive or administrative powers conferred by law upon such officers. The action sought by the petition to the commissioners of highways and by the appeal to the circuit court was not judicial. The laying out and opening of roads is not an act of judicial power. (*Nealy* v. *Brown,* 1 Gilm. 10.) No legal rights were submitted to or adjudicated by the commissioners and no law was construed or applied by them, and without these things judicial power is not exercised. *Owners of Lands* v. *People, supra.*

Cases have been called to our attention in which appeals have been authorized by statute from various non-judicial bodies to the courts and in which the jurisdiction of the courts to entertain such so-called appeals has been sustained. They are: *County of Peoria* v. *Harvey*, 18 Ill. 364; *Joliet and Chicago Railroad Co.* v. *Barrows*, 24 id. 562; *Rowe* v. *Bowen*, 28 id. 116; *Bureau County* v. *Chicago, Burlington and Quincy Railroad Co*. 44 id. 229. Each of those cases involved a state of facts of such a character as the circuit court had original jurisdiction of. The first involved the assessment of damages by commissioners appointed to lay out a State road; the second, the assessment of damages for the right of way of a railroad; the third, the trial of the right of property levied upon by the sheriff and claimed by one not a party to the writ; the fourth, the assessment of the property of a railroad company in violation of the constitutional rule as to uniformity. They all involved property rights which might have been vindicated by the usual forms of proceeding, condemnation, trespass, replevin, trover, injunction. The statutes provided that instead of or in addition to these forms of proceeding the court might acquire jurisdiction by way of appeal. As shown in the case of *Maxwell* v. *People,* 189 Ill. 546, the proceeding is not an appeal in a legal sense, but only a method of bringing before the court for judicial determination a controversy of a character of which the court had original jurisdiction. This was the view expressed by the court in *City of Aurora* v. *Schoeberlein,* 230 Ill. 496, where it was said (p. 503) : "If a controversy belongs to a class of cases of which a court has original jurisdiction and it is brought before the court in the method prescribed by the legislature, the court may take jurisdiction by virtue of its general powers, but so far as the remedy is judicial it begins with the presentation of the case to the court. The cases in which appeals from non-judicial bodies to courts have been recognized have involved individual or property

rights of which the court had jurisdiction under some other form of procedure, and belonged to classes of cases in which the court, acting judicially, could afford a remedy."

The power of the court, by *certiorari*, to bring before it the proceedings of the commissioners does not affect the question. The writ of *certiorari* runs against inferior tribunals, not for the purpose of reviewing their proceedings, but only of determining whether they have acquired and have not exceeded their jurisdiction. *City of Aurora* v. *Schoeberlein, supra.*

The circuit court acquired no jurisdiction by virtue of the appeal. Its judgment is therefore reversed and the cause is remanded, with directions to dismiss the appeal.

*Reversed and remanded, with directions.*

HAND and FARMER, JJ., dissenting:

This case differs from *City of Aurora* v. *Schoeberlein,* 230 Ill. 496, in this: that here a property right is involved while in that case only the right to an office was involved, and we think where a property right is involved the legislature may rightfully provide for an appeal to the courts from the determination of an inferior tribunal, although such tribunal is not a court and does not exercise judicial power. Numerous statutes may be found in this State providing for such appeals, and many cases are found in our Reports where the jurisdiction of the courts of this State has been sustained in what were called appeals from inferior bodies exercising non-judicial powers. In *County of Peoria* v. *Harvey,* 18 Ill. 364, an appeal was sustained from the order of commissioners establishing a highway and involving the assessment of damages. In *Joliet and Chicago Railroad Co.* v. *Barrows,* 24 Ill. 562, an appeal was sustained from the assessment of damages by commissioners for a right of way. In *Rowe* v. *Bowen,* 28 Ill. 116, an appeal was sustained from a trial of the right to property levied upon by a sheriff and claimed by a third party, although

the court in express terms held that the sheriff did not exercise judicial powers at said trial. In *Bureau County* v. *Chicago, Burlington and Quincy Railroad Co.* 44 Ill. 229, it was held that an appeal was properly prosecuted to the circuit court from the order of the board of supervisors (a non-judicial body) on an assessment of property for taxation. In the last case this court considered the right to prosecute such appeal very fully, and reached the conclusion that the legislature might authorize an appeal from the order of a non-judicial body to the courts; and in *Maxwell* v. *People,* 189 Ill. 546, it was explained that the appeal in such cases was a method of invoking the jurisdiction of the courts, and that the exercise of such jurisdiction was original when it attached in the courts, rather than appellate.

In the *Bureau County case,* on page 233, it was said: "It is argued with great force and ability that, inasmuch as the board of supervisors is in no sense a court of any description, an appeal cannot lie to the circuit court from any of its determinations, and, consequently, the act of 1861, allowing an appeal by a railroad company from their determinations, is unconstitutional and void. Much ingenious, forcible and persuasive argument has been used by appellants here in support of this view, but we are not convinced by it. * * * In considering the legislation of this State of a character analogous to this act of 1861 we are by no means convinced of the want of power in the legislature to allow this appeal. It may be the board of supervisors of a county is not a court in the legal acceptation of that term, but it has power conferred upon it by the wanton and unjust exercise of which the most vital interests of parties before it may be rendered totally valueless. Perilous, indeed, would be their condition if those great interests were at the mercy of irresponsible men, bent, it may be, on inflicting injury for which they could not atone. * * * To insist that a board of supervisors

is not a court does not decide the question, as we think. In our legislation several acts may be found giving an appeal to the circuit court in cases confessedly not originating in the exercise of judicial power by a court." The court then reviews the former decisions of this court, and on page 235 says: "The act of 1861 gives an appeal in express terms. In view of this legislation and these judicial decisions it is too late to urge a want of jurisdiction in the circuit court to try the appeal from the board of supervisors, and we must hold that the jurisdiction was complete under the act of 1861 and that statute is not in conflict with any provision of the constitution, considered in the light of long continued analogous legislation under it."

The *Bureau county case* has been frequently cited by this court and was approved in the *Schoeberlein case,* and we think it fully sustains the position that the appeal in this case was rightfully authorized by the legislature. In the *Schoeberlein case,* on page 503, it was said: "If a controversy belongs to a class of cases of which a court has original jurisdiction and it is brought before the court in the method prescribed by the legislature, the court may take jurisdiction by virtue of its general powers, but so far as the remedy is judicial it begins with a presentation of the case to the court."

The case at bar involves a freehold, and while the highway commissioners, in determining to vacate said streets, did not sit as a court "in determining whether or not the highway should be vacated, the function exercised by the commissioners was judicial in its character. (*Drainage Comrs.* v. *Griffin,* 134 Ill. 330.) They were required to use their discretion in determining whether it was right that the highway should be opened." (*People* v. *Comrs. of Highways,* 240 Ill. 399.) The circuit court could have reviewed the record of the highway commissioners by *certiorari,* and if the commissioners acted without jurisdiction and were attempting to close the streets contrary to law a

251 — 38

court of chancery might have enjoined them from so doing. (*Smith* v. *McDowell,* 148 Ill. 51.) We think this case, therefore, falls within the doctrine of *Bureau County* v. *Chicago, Burlington and Quincy Railroad Co. supra,* and kindred cases.