ISAAC ROWAND, Appellant, *vs.* THE LITTLE VERMILION SPECIAL DRAINAGE DISTRICT, Appellee.

*Opinion filed June 21, 1912.*

1. JURISDICTION—*whether appeal from non-judicial body will be entertained depends on the nature of the rights involved.* The jurisdiction of a court to hear and determine a matter brought to it by appeal from a non-judicial body depends upon the nature of the rights involved rather than upon the character of the body from which such appeal is taken.

2. SAME—*acts of drainage commissioners may be judicially reviewed.* Although drainage commissioners are not judicial officers and cannot exercise judicial powers under the constitution, yet in the administration of the affairs of their office they are required to take action upon and determine questions which involve the property rights of the land owners of the district, of which the courts, in the exercise of their general judicial powers, take jurisdiction. (*Conover* v. *Gatton*, 251 Ill. 587, distinguished.)

3. CONSTITUTIONAL LAW—*provision of Farm Drainage act for appeal to county court from action of drainage commissioners is valid.* Sections 24 and 25 of the Farm Drainage act, (Hurd's Stat. 1911, p. 907,) providing for an appeal to the county and circuit courts from the decision of drainage commissioners upon the question of the classification of lands, are valid, as the nature of the rights involved are such as are properly cognizable by the judiciary when properly brought before it.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

REARICK & MEEKS, for appellant.

RAY, DOBBINS & DOBBINS, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The Little Vermilion Special Drainage District was organized under the Farm Drainage act by an order of the county court of Champaign county and includes within its boundaries lands in both Champaign and Vermilion counties. In the spring of 1911 the commissioners of that district determined to do some work to improve the main ditch, and being of the opinion that the original classification was not fairly adjusted on the several tracts of land they determined to make a new classification. This they did, and, having filed the same, May 1, 1911, was set for a hearing on the new classification. Appellant, Isaac Rowand, was the owner of about seven hundred acres of land in Vermilion county which was included in the drainage district and was affected by the new classification. At the time and place fixed for the hearing Isaac Rowand appeared and made objections to the new classification, claiming that his lands were classified too high. After hearing his objections the commissioners, on May 3, 1911, overruled the same and filed the classification with the county clerk of Champaign county. For the purpose of obtaining the judgment of the county court upon the objections to the classification of his land Rowand filed an appeal bond with the county clerk of Champaign county within the time provided by law, and the county clerk of Champaign county, in accordance with the practice announced by this court in *Commissioners of Sub-district* v. *McNulta,* 242 Ill. 461, prepared a transcript and sent the same to the county court of Vermilion county. The cause was placed on the docket of the county court of Vermilion county, and, after several continuances, at the January term, 1912, the drainage commissioners entered their motion to dismiss the appeal on the ground that the county court had no jurisdiction of the

cause nor of the appeal, alleging that no appeal lies from the classification by drainage commissioners to the county court. This motion was sustained, and the appeal was dismissed by the county court on the ground that the statute allowing an appeal in such a case to the county court is unconstitutional and void. Appellant excepted to the action of the court, and has brought the record to this court by appeal for review.

Section 24 of the Farm Drainage act (Hurd's Stat. 1911, p. 907,) provides: "Any person appearing and urging objections, who is not satisfied with the decision of the commissioners, may appeal from their decision to the county court of the county in which the lands affected are situated, within ten days after the decision of the commissioners was rendered, by filing with the county clerk a bond with security," etc. Section 25 of said act provides for the manner of hearing in the county court, and also for a further appeal to the circuit court in case the county court, in the exercise of its discretion, shall make an order allowing a further appeal to the circuit court, otherwise the decision rendered by the jury in the county court is conclusive and final. If an appeal be granted to the circuit court the statute makes the classification as fixed in the circuit court, final. Inasmuch as the above statutory provisions provide for appeals in this class of cases, the only question presented for our consideration is the validity of the statute.

In *Conover* v. *Gatton*, 251 Ill. 587, this court held that section 106 of the Road and Bridge act, applicable to counties not under township organization, (Hurd's Stat. 1909, p. 1953,) which provides for an appeal to the county or circuit court, by any person interested, from the decision of the road commissioners in determining to or in refusing to lay out, alter, widen or vacate any road or revoking any previous order or decision relative to any road, did not confer jurisdiction upon the circuit court to review the decision of the highway commissioners determining to vacate

2 5 4 — 3 5

a public road. The decision in that case is relied on by appellee to sustain the action of the court below in dismiss-. ing the appeal. That decision is based on the ground that the determination of highway commissioners to vacate an existing road is not the exercise of judicial power, nor was the subject matter of the proceeding of such character that the court might have taken jurisdiction in any other form of action. In *City of Aurora* v. *Schoeberlein,* 230 Ill. 496, this court had under consideration the validity of section 18 of the act of 1903, purporting to authorize any person interested to appeal to the circuit court from any order of the board of fire and police commissioners, and said section was held unconstitutional and void for the reason that the controversy involved the title to an office, which was not a property right of which the circuit court could have jurisdiction in any form of action, and that the selection of a person to fill such office was purely an executive function. In that case, on page 503, it was said: "If a controversy belongs to a class of cases of which a court has original jurisdiction and it is brought before the court in the method prescribed by the legislature, the court may take jurisdiction by virtue of its general powers, but so far as the remedy is judicial it begins with a presentation of the case to the court. The cases in which appeals from non-judicial bodies to courts have been recognized have involved individual or property rights of which the court had jurisdiction under some other form of procedure, and belonged to classes of cases in which the court, acting judicially, could afford a remedy." In *Maxwell* v. *People,* 189 Ill. 546, the same rule was announced, where it was held that the appeal in proceedings of that class was not an appeal in a legal sense, but only a method of bringing before the court for judicial determination a controversy of a character of which the court had original jurisdiction.

Drainage commissioners are not judicial officers nor can they exercise judicial powers under the constitution, but in

the administration of the affairs of their office they are re-
quired to take action upon and determine questions which
involve the property rights of the land owners of the dis-
trict, of which the courts, in the exercise of their general
judicial powers, take jurisdiction.   In *Leonard* v. *Arnold,*
244 Ill. 429, it was held that a court of equity would not
take jurisdiction to enjoin the commissioners of the drain-
age district from proceeding to collect an assessment on
the ground that the classification of the lands was improper
and inequitable; but this decision was not based on the
idea that there was no property right involved which the
land owners had a right to have determined, but exclusively
on the ground that the statute (which is the same statute
as is here involved) gave the land owner a remedy at law
by an appeal to the county court, which right had in that
case been exercised by the land owners who filed the bill
in equity.   The jurisdiction of a court to hear and deter-
mine a matter brought to it by an appeal from a non-
judicial body depends upon the nature of the rights involved
rather than upon the character of the body from which
such appeal is taken.   A reference to the cases decided
by this court which are cited in *Conover* v. *Gatton, supra,*
and reviewed in the dissenting opinion, will show that this
court has sustained statutes allowing appeals from non-
judicial boards and bodies where the subject matter in-
volved was some personal or property right which it is the
province of courts to determine and protect.   The drainage
commissioners, in making the classification of the lands of
the district, are dealing directly with a valuable property
right of the tax-payers.   The classification is the basis upon
which future assessments are to be made.   It is, in effect,
a valuation, for assessment purposes, of the benefits each
tract of land will receive from the proposed improvement.
It is the exercise of a power over the property of the citi-
zen which, if improperly used, may result in the end in a
violation of the constitutional right of the property owner,

in that he may be required to pay a larger proportion of the cost of the improvement than his lands are benefited, or he may be required to pay a larger proportion of taxes than others in proportion to benefits received. It would be a reproach to our judicial system if there were no redress for possible wrongs that might be inflicted by an unequal and oppressive classification of lands in a drainage district for assessment purposes. The legislature has provided a remedy by an appeal to the county court by any land owner who appears and objects to his classification, and since, as we have attempted to show, the nature of the rights involved are such as are properly cognizable by the judiciary when properly brought before it, the statute authorizing an appeal as a means of bringing the matter before the court is not unconstitutional. This court has recognized the jurisdiction of the county court to review the classification of lands under the Farm Drainage act in *Frahm* v. *Commissioners of Craig Drainage District,* 200 Ill. 233, and in the late case of *People* v. *Weatherhead,* 253 id. 85. In the case last above cited a motion was made to dismiss the appeal for want of jurisdiction and the motion was overruled. It does not appear that the overruling of the motion to dismiss was assigned as error in this court and the question was therefore not directly passed on, but it was inferentially held that the appeal was properly taken, and that such appeal operated as a *supersedeas* and stayed the collection of the tax upon the lands involved in the appeal until such appeal was finally determined. It results from the foregoing view that the county court erred in dismissing the appeal.

The judgment below is therefore reversed and the cause remanded, with directions to the county court to overrule the motion to dismiss and to proceed to a hearing of the cause upon its merits.

*Reversed and remanded, with directions.*