Lerner et al. v. Borack, 189 Ill. App. 603.

―――――――

# M. Lerner and J. Weiss, Plaintiffs in Error, v. Wendel Borack, Defendant in Error.

## Gen. No. 19,033.

1. PROCESS, § 100*—*distinction between malicious use and abuse of.* If a writ is used for an ulterior purpose, such as to intimidate, oppress or punish a person against whom it is sued out, it is "malicious abuse of process," while if it is used in truth for its ostensible object, such as to collect a debt by attachment, but is so used unwarrantably and without probable cause, it is a "malicious use of process."

2. PROCESS, § 100*—*what constitutes malicious use of.* Where an attachment writ is sued out to collect a debt before it is due, the cause of action, if any, is the malicious use and not the malicious abuse of process.

3. ATTACHMENT, § 337*—*what must be averred and proved in action for malicious attachment.* In a suit for the "malicious use of process" as distinguished from the "malicious abuse of process," by reason of a levy under an attachment writ, it must be averred and proved that the attachment proceeding has terminated favorably to the plaintiffs.

―――――――

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. APPEAL AND ERROR, § 892*—*effect of insufficient abstract.* An Appellate Court will not go to the record to correct the abstract in order to reverse a judgment.

5. MALICIOUS PROSECUTION. § 61*—*evidence insufficient to show favorable termination of suit.* Where one of the plaintiffs testified that they paid twenty-five dollars for attorney's fees in defending the attachment suit and in having the attachment writ quashed, it is not sufficient to show a favorable termination of the suit such as to entitle them to a cause of action for the malicious use of process.

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the March term, 1913. Affirmed. Opinion filed November 30, 1914.

CHARLES G. ROSE, for plaintiffs in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a writ of error brought to reverse a judgment of the Municipal Court of Chicago in favor of the defendant in a suit brought for the malicious and unwarranted use of legal process, namely, an attachment writ on which a levy was made on plaintiffs' goods.

There is a distinction between the "malicious abuse of process" and the "malicious use of process." If process is used maliciously, not for the ostensible purpose for which the law provides it, but for an ulterior purpose—for example, to intimidate, oppress or punish a person against whom it is sued out—it is "malicious abuse of process." If it is used in truth for its ostensible purpose—for example, to collect a debt by attachment, but so used unwarrantably and without probable cause—it is a "malicious use of process."

We think that even if the allegations of plaintiffs in error that the debt which it was sought to collect by attachment in this case was not due, are to be considered as proven by them in the face of defendant's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

testimony to the contrary—a conclusion which we are not disposed to concede—nevertheless the cause of action is the malicious use and not the malicious abuse of process. Therefore, even assuming further, as we do not think we should in order to reverse this judgment, that the suing out of the attachment was "malicious" and that there was no other defense to this action, it would remain true that it must fail because it is not averred nor proven that the attachment proceeding has terminated favorably to the plaintiffs. In the case of a suit for the "malicious use of process" as distinguished from an action for the "malicious abuse of process," such averment and proof are necessary. *Emery v. Ginnan,* 24 Ill. App. 65; *Reynolds v. De-Geer,* 13 Ill. App. 113; *Swepson v. Davis,* 109 Tenn. 99, *Mayer v. Walter,* 64 Pa. 283; *Grainger v. Hill,* 4 Bing. N. Cas. 212 (Opinion by Park, J.); 1 Cooley on Torts (3rd Ed.) p. 353, note 42.

It is true that the *record,* although not the *abstract,* shows that Lerner testified: "We paid $25 for attorney's fees in defending the attachment suit and having the attachment writ quashed;" but apart from the fact that we will not go to the record to correct the abstract in order to reverse a judgment, this statement by itself does not show a final determination of even the attachment issue in favor of the defendant. Still less does it show "a favorable termination of the suit."

The judgment of the Municipal Court is affirmed.

*Affirmed.*