## ROBERT FERGUS *et al.*

*v.*

## THE GARDEN CITY PLANING MILL AND LUMBER MANUFACTURING COMPANY.

1.  DEFAULT—*in distress for rent.* A proceeding in the circuit court by distress for rent stands like any other case upon the docket, and if the defendant fails to appear in the time prescribed by the rules of the court, he may be defaulted the same as in an ordinary action.

2.  SAME—*setting aside discretionary.* Error can not be assigned for overruling a motion to set aside a default, as such a motion is addressed to the discretion of the court.

3.  PRACTICE ACT. The Practice Act is a general law applicable to all cases at law to be tried in the circuit court, except in so far as particular statutes may authorize or direct certain cases to be tried in a manner different from that therein prescribed; and in such cases the particular statute must control to the extent it differs from the Practice Act, but no farther.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was a proceeding under a distress warrant issued by the appellee against the goods and chattels of Robert Fergus, George H. Fergus, John B. Fergus, and W. Scott Fergus, partners, filed in the circuit court. The defendants were duly summoned to appear and answer unto the plaintiff on the first day of the term. On the third day, there being no appearance, the default of the defendants was taken, and the rents due were found by the court without a jury.

Mr. JOHN LYLE KING, for the appellants.

Mr. FRANK A. JOHNSON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

It is argued by the appellants that the court below had no power to render judgment against them by default, for the

reason that this proceeding is not governed by the Practice Act, and *Alwood* v. *Mansfield*, 33 Ill. 452, is referred to in support of the position. It was held in that case that a copy of the lease need not be filed ten days before the first day of the term, and it was there said : " Every case tried in the circuit court is not governed in all respects by the Practice Act, as appeals are tried in a summary manner, without plead- ings, and are not, in all respects, governed by the Practice Act, and for the reason that the statute does not require it. So, of this proceeding, neither pleadings nor conformity to the Practice Act are required. A copy of the lease was not re- quired to be filed in this case, nor was a declaration necessary to a trial." The reason of this is obvious. The statute, in authorizing the question to be tried, prescribes how it shall be done, and, by necessary implication, excludes any other mode.

But we fail to perceive that it results as a necessary se- quence that, because the proceeding is not governed in all respects by the provisions of the Practice Act, it is in no respect governed by them. That act is a general law, applicable to all cases at law to be tried in the circuit court, except in so far as particular statutes may authorize or direct certain cases to be tried in a manner different from that pre- scribed by its provisions, and in such cases the particular statute must control to the extent that it differs from the Practice Act, but no farther. Where the particular statute is silent as to any step to be taken in the proceeding, the gen- eral act must govern.

In *Lapointe* v. *Stewart*, 16 Ill. 292, it was held that, this proceeding is " a case at law or equity," within the meaning of the statute requiring a non-resident to give security for costs ; and in *Wade* v. *Halligan*, id. 510, it was held, that the finding and certificate constitute a final judgment, within the meaning of the Practice Act, from which an appeal may be taken to this court. So, upon like principle, we have no doubt but that the case should be docketed and stand for

trial upon the docket as other cases at law, in the manner provided by the Practice Act.

It follows that, we think, the case stood for trial just as any other case upon the law docket, and that the defendants, making no appearance within the time prescribed by the rule of court, were properly defaulted.

There was no error in overruling the motion to set aside the default, because it was discretionary in the court either to set it aside or overrule the motion. 2 Gross, 288, § 127.

We perceive no substantial objection to the form of the judgment. It is not strictly in the form prescribed by the statute, yet it is not such a judgment as an execution can isssue upon, and we are unable to perceive how it can mislead the parties or injure the defendants. We think it sufficiently indicates the duty of the clerk.

The judgment is affirmed.

*Judgment affirmed.*