## William Perdue, et al., v. Big Four Drainage District of Ford County.

1. LEVEE AND DRAINAGE ACT—*when complaint under section 58 sufficient to confer jurisdiction.* A complaint signed by a majority of the commissioners, under section 58 of the Levee and Drainage Act of May 29, 1879, is sufficient to confer jurisdiction.

2. LEVEE AND DRAINAGE ACT—*what issue involved in proceeding instituted under section 58.* The true issue involved in a proceeding instituted under section 58 of the Levee and Drainage Act of May 29, 1879, is whether each particular tract of each objector is benefited *as a whole.*

3. SPECIAL FINDING—*what is not.* The submission to the jury, in a proceeding instituted under section 58 of the Levee and Drainage Act of May 29, 1879, of a question as follows: "Will any part of the lands of the objector described in the complaint herein be benefited by the construction of the ditch of complainant district,"—is not the submission of a special finding, inasmuch as an answer thereto constitutes a general verdict, in so far as the particular objector is concerned.

4. INSTRUCTION—*when, invades province of jury.* An instruction by which the court undertakes to tell the jury that any particular physical fact or state of facts constitutes benefits, is erroneous.

Proceeding under section 58 of the Levee and Drainage Act of May 29, 1879. Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed January 6, 1905.

SCHNEIDER & SCHNEIDER, for appellants.

CLOUD & MOFFETT, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is a proceeding under section 58 of chapter 42 of the Revised Statutes, and commonly known as the Levee and Drainage Act of May 29, 1879, as amended. It was commenced in the County Court of Ford county. Previous to filing of the complaint in this proceeding the drainage district had been duly established by the order of the County Court of Ford county. The lands of appellants were not included in the original district. This proceeding is for the purpose of bringing them in. The complaint charges that certain lands, among which are the lands of the defendants, " lying outside the boundaries of said drainage district as organized, are and will be benefited by the work of said drainage district, that is to say, are and will be benefited by the construction of the main ditch of said drainage district, and the ditches and drains connected therewith, by reason whereof the owners thereof are deemed in law to have made voluntary application to have said lands annexed to and included within the bounds of said drainage district. Your petitioners further show unto your Honor that each of the above described tracts of land respectively, will be benefited by the work of said drainage district aforesaid in a greater degree than their just proportionate share of the cost of the work of said drainage district." The defendants appeared in the County Court and filed their objections to the complaint. After a hearing, upon which no evidence was offered by the defendants, an order was made annexing their lands to the district. Defendants appealed from that order to the Circuit Court of Ford county. A trial was had by jury in the Circuit

Court and an order annexing the lands of defendants to the district was entered on the 13th day of June, 1903. This appeal is from that order.

It was objected in the County Court, and is urged here, that the complaint was signed by only two of the commissioners and that by reason thereof the court was without jurisdiction. That objection is answered by section 8 of the Drainage Act, which reads : "A majority of the commissioners shall constitute a quorum, and a concurrence of a majority of their number in any matter within their duties shall be sufficient." It is also contended that the lands could not be annexed because, as is asserted, there were $10,000 in the treasury of the district. If that were a good objection it avails nothing here, for the reason that there is no proof of that assertion in the record. The statute provides for no formal pleading; it merely provides that owners of lands may make objections.

The eighth objection of the defendants is : "The complaint of the commissioners states that the said lands are and will be benefited by the construction of the main ditch of the district and the ditches and drains connected therewith; this these defendants deny." This averment and denial thereof constituted the issue to be tried. The court submitted to the jury special questions which were intended to present that issue for the determination of the jury. The questions were in this form : "Is any part of the land of Alfred Lundquist, described in the complaint herein, benefited by the construction of the ditch of the complainant district ?" "Will any part of the lands of the objector, Alfred Lundquist, described in the complaint herein, be benefited by the construction of the ditch of complainant district ?" The same questions were submitted as to the lands of each defendant. The jury were directed to write "yes" or "no" at the end of each question and sign their names thereto and return the same into court as their verdict. Defendants contend that the court was without authority to submit such questions and to take the answers thereto as the verdict of the jury, and insist that a

general verdict only should have been taken.   This is not a
suit at common law; it is not an action *ex contractu* or *ex de-
licto*.   It is a special statutory proceeding.   The defendants
are not required to file any pleadings or objections in'
writing.   They have the right to appear and contest the
averments of the complaint.   The statute makes the issue;
it casts the burden upon the district of proving as to each
tract of land described in the complaint that it "is or
will be benefited by the work of such district," and de-
fendants may contest that proposition by objection *viva
voce*, or in writing, as they severally see fit.   Each defend-
ant is entitled to a verdict as to his particular land and
each tract thereof.   A general verdict, a verdict after the
common-law form, finding the issue for the plaintiff or the
defendants, would suffice if the evidence required the jury
to find for the plaintiff or all the defendants as to every
tract of land; but the number of different findings and ver-
dicts might depend on the number of the defendants and
the number of tracts of land owned by each and varying
proof as to each.   Nothing would be gained by using such
a form; confusion in the minds of the jury would very
probably arise and verdicts be rendered which would not
be intended by the jury.   The question, "Is (or will be)
tract 'A' benefited," etc., brings the precise matter at issue
to the attention of the jury; an answer "yes" or "no"
is a precise, accurate verdict on the issue.   Counsel cite the
statute, "the jury may in their discretion render either a
special or a general verdict," and say that this discretion
was taken from the jury by the court.   The verdict which
the court took was not a special verdict in the sense of that
statute.   "By a special verdict the jury, instead of finding
for either party, find and state all the facts at issue, and
conclude, conditionally, that if, upon the whole matter thus
found, the court should be of opinion that the plaintiff has
a good cause of action, they then find for the plaintiff and
assess his damages; if otherwise, then for the defendant.
2 Tidd's Prac. (Am. Ed.), 897, and note."  And again: "A
special finding by jury upon material questions of fact sub-

mitted to them under the provisions of the statute is not a special verdict, but an essentially different proceeding. A special verdict cannot be found where there is a general verdict, but the special findings of fact provided for by the statute can be required only in case a general verdict is rendered." Elgin City Railway Co. v. Salisbury, 162 Ill. 191, 192. Special findings on material questions of fact as provided for in the last clause of paragraph 102, chapter 110, S. & C. Stat., are not special verdicts. The verdict which the court required and took was not a special finding upon material questions of fact. It was an answer to the whole matter submitted to them and as certain and definite as " guilty " or " not guilty," in an action of tort.

We have above said that the questions submitted were intended to present the issue in this case, and our discussion of them has been only with reference to the point made by defendants' counsel that they were special verdicts, and assuming for that purpose that they were correct in form. We do not think they are correct in form; they do not properly submit the issue. The complaint states that Lundquist is the owner of the south half of the northwest quarter of section 4 and that it is benefited to the extent of $30; that he is also the owner of the west half of the northeast quarter of section 4 and that it is benefited to the extent of $20; that Goodwin is the owner of the west half of the southwest quarter of section 4, benefited $25; that Perdue is the owner of the west half of the southeast quarter of section 4, benefited $20; and that Webb is the owner of the northeast quarter of section 32, benefited $50. As to making assessments the statute provides: " In making such assessment the jury shall assess the damages and benefits in favor of and against *each tract* separately in the proportion in which *each tract* will be damaged or benefited." Section 18 of Drainage Act; Gauen v. Drainage Dist., 131 Ill. 458. We think the same rule applies in this proceeding. The question here is as to whether each of the above tracts is or will be benefited and not as to the particular amount of benefit. In the

assessment proceeding the question is as to the particular amount each of the tracts is benefited. Lundquist owned two distinct tracts as above stated. The questions submitted to the jury as to his lands were whether *any part* of his lands is or will be benefited, etc. The jury answered "Yes." If they found that any part of either of his tracts was benefited they were required to make that answer. Doubtless the court overlooked the fact that Lundquist owned two separate tracts, or else considered that the two tracts constituted but one tract since one abutted on the other. The questions as to Lundquist's lands should have been so submitted as to call for and obtain an answer as to each tract. That was his right, and the fact that the tracts lay contiguous did not warrant the court, under the statute, in treating them as one tract. A more serious objection to all the questions submitted is the use therein of the phrase "any part of." With that phrase in the questions they do not submit the issue made by the complaint and required by the statute. The complaint charges, and properly charges, that a particular tract is benefited. The question asks if any part of it is benefited. The true issue is whether the tract as a whole is benefited; the issue made by the question is whether a particular part of the tract is benefited. The answer is not and cannot be responsive to the true issue. The answer required by law is, whether the tract as a whole is benefited; the answer given is that a part of it is benefited. The question is based on the assumption, the inference, that if any part of the tract is benefited the whole tract must be benefited. The assumption may be correct in one case and incorrect in another; the inference is not necessary or absolute. It is not warranted as a matter of law. What effect a particular improvement of some part of a tract may have on the whole is not a matter of law for the court but a matter of fact for the jury. We conclude that all these interrogatories were erroneous and when answered did not make a verdict under the law. The same error that exists in the questions put to the jury also occurs in an instruc-

tion given by the court. The court on its own motion gave an instruction covering several pages of the abstract, which apparently was intended to guide the jury in the whole matter, in that the jury are informed that "if you believe from the preponderance of the evidence, that any part of the lands of the defendants described in the complaint are benefited, then under the pleadings in this case it will be your duty to find the lands of the defendants are benefited." In the same instruction the court in terms tells the jury that certain facts affecting the physical situation of the lands, if found to exist and to have been occasioned by the work of the drainage districts, constitute benefits. For instance, that if by reason of the ditches "the water does or will flow more freely from the defendant lands, then there is a benefit." And that "if any one or more of the preceding statements are established by the preponderance of the evidence," then the complainant has established its claim. It is not the province of the court to tell the jury that any particular, physical fact or state of facts constitutes benefits. Such instruction takes from the jury all consideration of the real issue which they are to find. It simply devolved upon the jury the duty of finding whether certain facts exist, which, as matter of law may or may not be evidentiary of the ultimate facts, to wit, benefits. By what criterion is the question of benefits contemplated by the statute to be judged? We know of no other except value and we know of no standard of value of property except money. If a tract of real property can be said to have been benefited by drainage or by any other means or methods whatever, it simply means that it is thereby worth more money than it was worth before, that it will fetch more in the market, or if no market value can be shown, that it is in and of itself worth more. The practical matter which the statute aims at is value, and value of a tract, not of a part thereof by itself; value without drainage, value with drainage, is the inquiry; and unless the value is shown to have been enhanced by the drainage, the attempt to annex must fail. Again,

Perdue v. Big Four Drainage District.

the jury are told by this instruction that "if they find that the lands of the defendants are or will be benefited by the work of the complainant district, then you will have nothing to do with the amounts of such benefits." "You will confine your deliberations to the one question submitted: Are or will the lands of defendants to any appreciable extent be benefited by the proposed works?" As we have above said, value is the very question for the jury to consider. With the amounts of assessments that might be made upon the lands if annexed, they have nothing to do, but they have very seriously to do with the question of increase of value; that is the sole matter, the ultimate result of their deliberations. The law cares not for trifles; the law cares for matters of substance. The jury in such cases as this are to determine whether the lands in question receive some substantial benefits; not the least possible appreciable benefit. Sound, practical, business judgment of actual values is demanded; not mere speculation as to remote possibilities or delicate weighing of smallest quantities. We have not attempted to determine on which side lies the preponderance of the evidence on the question of benefits, for the reason that it appears by the record that the jury, by agreement of the parties, viewed the premises and were instructed that what knowledge pertinent to the issue they obtained by such view was proper evidence to be considered by them in arriving at their verdict. What knowledge of facts they obtained in this way is not and cannot be incorporated in the record. In such case it is impossible for us to determine where the preponderance of the proof is. That question cannot be determined on this record. There are some other matters complained of but they are of minor importance and are substantially disposed of by what we have already said.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*