THE MAYOR AND COMMON COUNCIL OF THE BOROUGH OF SEABRIGHT v. THE NEW JERSEY CENTRAL RAILROAD COMPANY AND NEW JERSEY SOUTHERN RAILWAY COMPANY.

Submitted April 22, 1904—Decided February 27, 1905.

In determining what judgment shall be entered upon a special verdict, nothing can be looked at, by the court, except the pleadings and the *postea.*

On application to enter judgment on special verdict.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff, *William J. Leonard.*

For the defendants, *George Holmes* and *Charles H. Ivins.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This is an action of ejectment, brought by the borough of Seabright, to recover a piece of land in New street, alleged to be in the possession of the defendants to the exclusion of the public.    By their plea of not guilty the defendants admitted that they had excluded the public from the *locus in quo* and put in issue the question of their right to do so.    The case went to trial upon that

issue, and, as appears from the *postea,* the following special verdict was found:

"*First.* That New street was regularly laid out over the *locus in quo* in this suit by surveyors of the highway and the return of· the surveyors was duly recorded by the Court of Common Pleas of Monmouth county, but that said street over the *locus in quo* was never, prior to the commencement of this suit, opened, used or worked by surveyors, or by the authority of the borough, or the defendants.

"*Second.* That in the year 1893 the defendants, under an agreement with the officials of the plaintiff borough, built through the borough of Seabright a fence paralleling and separating the defendants' right of way from a street of the plaintiff's adjoining and paralleling the same, and that said fence, as built, cut off all passage over said New street, as it would have been laid across the defendants' right of way under the authority of said return.

"*Third.* That the plaintiff, before said fence was built, curbed their said paralleling street on the side adjoining the said railroad right of way with a stone curbing, and said fence was placed along said curbing as laid by the plaintiff's officials. Both said curbing and fence cut off all passage over said New street, as laid by the road return where said New street would have crossed said right of way of the defendants, had it been opened according to the road return.

"*Fourth.* That streets were opened and worked by the plaintiff, and used by the public, on each side of the right of way of the defendant company through the whole length of the borough of Seabright, said streets being known as Ocean avenue and East Ocean avenue, and that New street, as laid by the surveyors, was opened, on .the one side, west from Ocean avenue to the river, and on the other side east from East Ocean avenue to the ocean, but never across the railroad right of way—the *locus in quo* in this action."

Application is now made to enter judgment on the *postea,* each side contending that on the facts found by the special verdict the judgment should be in its favor.

The pleadings and *postea* show that the *locus in quo* is a part of New street, a regularly laid out highway in the borough of Seabright, and that the defendants have taken possession of it and are excluding the public from its user. No vacation of the highway appears, and ordinarily, therefore, the plaintiff would be entitled to judgment on these facts. The defendants contend that notwithstanding the above facts the borough authorities have been guilty of such conduct in the premises as to estop them from disturbing the defendants in their exclusive possession of the highway, and in support of this contention the court is referred to certain evidence submitted at the trial. But this, plainly, cannot be considered by us. In determining what judgment shall be entered upon a special verdict nothing can be looked at by the court except the pleadings and the *postea*. 2 *Arch. Pr.* \*215; 2 *Tidd's Pr.* \*598. The *postea* discloses no finding of the existence of such an estoppel as a fact. The most that can be said in that respect is that it contains some evidence of the fact. The evidence from which a fact might have been found, without any finding of the fact itself, is valueless in a special verdict. We have not, therefore, felt it necessary to consider the question discussed by counsel whether an estoppel *in pais* may ever, under any circumstances, be asserted against the public.

The plaintiff is entitled to judgment on the *postea*.