Carlson v. Avery Co., 196 Ill. App. 262.

John A. Carlson, Appellee, v. Avery Company, Appellant.

Gen. No. 6,000.

1. APPEAL AND ERROR, § 16*—*when right of appeal exists.* At law the right to appeal is statutory, and no appeal can be taken from the judgment of a court of inferior jurisdiction unless the statute either expressly or by plain implication provides for an appeal.

2. WORKMEN'S COMPENSATION ACT, § 13*—*when no right of appeal to Appellate Court from proceedings by arbitrators.* A proceeding by arbitrators under section 10 of the Workmen's Compensation Act (J. & A. ¶ 5459), providing for the determination by arbitrators of questions of law and fact arising in the application of the act, is not a "suit or proceeding at law or in chancery" within the meaning of section 8 of the Appellate Court Act (J. & A. ¶ 2968), and section

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Carlson v. Avery Co., 196 Ill. App. 262.

91 of the Practice Act (J. & A. ¶ 8628), relating to appeals from final judgments of courts of inferior jurisdiction, but is in the nature of a voluntary arbitration.

3. WORKMEN'S COMPENSATION ACT, § 13*—*when right of appeal from judgment upon trial de novo in Circuit Court of a proceeding by employee to recover compensation.* A trial *de novo* in the Circuit Court of a proceeding by an employee to recover compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), on appeal from the finding of arbitrators as authorized by section 10 of such Act (J. & A. ¶ 5459), made by a "suit or proceeding at law or in chancery" within the meaning of section 8 of the Appellate Court Act ( J. & A. ¶ 2968), and section 91 of the Practice Act (J. & A. ¶ 8628), providing for appeals from the final judgments of courts of inferior jurisdiction in any "suit or proceeding at law or in chancery," although the proceeding appealed from was not such a suit or proceeding, since in such case the judicial proceeding in which the judgment sought to be appealed from was entered began with the trial *de novo* in the Circuit Court, for the reason that the tribunal entering the finding from which appeal was taken to the Circuit Court being nonjudicial, and the controversy adjudicated belonging to the class of cases of which the Circuit Court has original jurisdiction, the appeal authorized by section 10 of such Workmen's Compensation Act was not strictly and legally such, but was a way provided by the statute instead of or in addition to the forms of proceeding otherwise required to give such jurisdiction to the Circuit Court, and such proceeding having therefore come before such court in the way provided by statute, it had jurisdiction thereof by virtue of its general powers.

4. WORDS AND PHRASES—*proceeding at law or in chancery.* The term "suit or proceeding at law or in chancery" includes only suits instituted and carried on in substantial conformity with the forms and modes prescribed by the common law or by the rules in chancery, and does not include cases instituted and carried on solely in accordance with statutory provisions.

5. WORKMEN'S COMPENSATION ACT, § 12*—*how trial de novo in Circuit Court on appeal from board of arbitrators should be conducted.* A trial *de novo* in the Circuit Court of proceeding by an employee to recover compensation for personal injuries by appeal from the finding of arbitrators under section 10 of the Workmen's Compensation Act (J. & A. ¶ 5459), should be conducted in accordance with common-law forms or modes as modified by the Practice Act (J. & A. ¶ 8538 *et seq.*), and in accordance with general practice, as the act authorizing the appeal does not prescribe a form of procedure to be observed on the trial of such appeal, in such case and

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it is immaterial that no written pleadings are required in proceedings under the Workmen's Compensation Act (J. & A. ¶ 5449 et seq.), as the same is true of other cases of which the Circuit Court acquires jurisdiction on appeal.

6. APPEAL AND ERROR, § 1165*—when proceedings subject to review. Though proceedings in their inception are not according to the course of the common law, yet if they subsequently assume that form, as where they are brought up to another court for trial de novo according to the course of the common law, they are subject to review on writ of error.

7. APPEAL AND ERROR, § 1165*—what constitutes trial de novo. A trial de novo is a trial anew in the appellate tribunal according to the usual or prescribed mode of procedure in other cases involving similar questions, whether of law or fact.

8. WORKMEN'S COMPENSATION ACT, § 13*—when trial de novo in Circuit Court "suit or proceeding at law or in chancery" and appealable. A trial de novo on an appeal to the Circuit Court from the finding of arbitrators under section 10 of the Workmen's Compensation Act (J. & A. ¶ 5459), held to be a "suit or proceeding at law or in chancery," so that an appeal from a final judgment entered therein is secured by section 8 of the Appellate Court Act (J. & A. ¶ 2968), and section 91 of the Practice Act (J. & A. ¶ 8628), relating to appeals from the final judgments of courts of inferior jurisdiction.

9. WORKMEN'S COMPENSATION ACT, § 12*—what is proper procedure upon trial de novo in Circuit Court. As section 10 of the Workmen's Compensation Act (J. & A. ¶ 5459), providing for an appeal from the finding of arbitrators appointed thereunder and for a trial de novo in the Circuit Court, does not provide or direct the manner of the trial in the Circuit Court, the provisions of the Practice Act (J. & A. ¶ 8538 et seq.), are applicable thereto.

10. TRIAL, § 284*—what special verdict must find. Special verdicts authorized by section 79 of the Practice Act (J. & A. ¶ 8616) must find all the controverted facts on which the judgment is based, and are to be distinguished from special findings which accompany a general verdict, also authorized by such section.

11. TRIAL, § 284*—what are requisites of special verdict. To sustain a judgment entered on a special verdict, such verdict must find all the facts essential to support the judgment and must leave nothing to be decided by the court except questions of law, for which reason the evidence from which a fact might have been found but is not found is without value in such special verdict.

12. TRIAL, § 284*—act authorizing special verdicts declaratory of common law. Section 79 of the Practice Act (J. & A. ¶ 8616)

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Carlson v. Avery Co., 196 Ill. App. 262.     .

authorizing special verdicts is merely declaratory of the common law.

13. TRIAL, § 284*—*when special verdict finding sufficient evidence prima facie to establish facts not sufficient.* A special verdict finding sufficient evidence *prima facie* to establish the facts essential to sustain the judgment entered thereon is insufficient to sustain such judgment.

14. TRIAL, § 284*—*when special verdict sufficient.* A judgment based on a special verdict may be sustained if the verdict finds probative facts from which the court can find that the ultimate facts necessary to sustain such judgment necessarily result from the facts found in the special verdict.

15. TRIAL, § 284*—*special verdict not to be aided by intendment.* A special verdict cannot be aided by intendment, and any fact not ascertained by it will be presumed not to exist.

16. TRIAL, § 284*—*what findings special verdict must contain.* In civil actions, a special verdict must contain a finding of every material controverted fact necessary to support the judgment which does not appear elsewhere in the record, and, so used, the word "uncontroverted" may include facts essential to support the judgment as to which the evidence may not be controverted.

17. TRIAL, § 284*—*what facts special verdict need not find.* A special verdict need not find facts which may be otherwise ascertained from the record, as from the pleadings.

18. APPEAL AND ERROR, § 804*—*when bill of exceptions must contain evidence.* The evidence heard in the trial of an action is not part of the record thereof until made so by a bill of exceptions.

19. TRIAL, § 284*—*when there cannot be both general and special verdict.* Under section 79 of the Practice Act (J. & A. ¶ 8616), relating to the form of verdicts, a special finding may accompany a general verdict, but there cannot be in the same action both a general and a special verdict.

20. WORKMEN'S COMPENSATION ACT, § 12*—*when there must be findings of average earnings before and after injury.* Although no written pleadings are required in a proceeding by an employee. to recover compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), there is an issue to be tried as to the difference between the average amount of the earnings of plaintiff before the accident and the average amount plaintiff is capable of earning in some suitable employment after such accident, and this issue requires a finding of his earnings at both such times.

21. APPEAL AND ERROR, § 761*—*when stipulation of facts not part of record.* A stipulation of facts takes the place of evidence and is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not part of the record proper, having no greater force and effect than uncontroverted evidence of the facts stipulated.

22. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence insufficient to support finding as to average earning capacity before accident.* In a proceeding by an employee to recover compensation under the Workmen's Compensation Act (J. & A. ¶ 5549 et seq.), a stipulation that plaintiff had been employed by defendant as alleged and "had earned and received pay for his services at the rate of $57 per month," *held* insufficient to support a finding as to what was his average earning capacity before the accident, such stipulation having no greater force and effect than uncontroverted evidence of such facts, which evidence is insufficient to support such finding.

23. WORKMEN'S COMPENSATION ACT, § 12*—*when special verdict permissible.* Whether or not section 4 of the Workmen's Compensation Act (J. & A. ¶ 5452), providing that the compensation recoverable thereunder shall be payable in instalments, prohibits a general verdict in an action to recover such compensation, and renders a special verdict imperative, a special verdict is at least permissible in such an action.

24. WORKMEN'S COMPENSATION ACT, § 12*—*how finding in special verdict as to ability to earn stated amount of wages after injury construed.* In a proceeding by an employee to recover compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 et seq.), a finding in a special verdict that plaintiff was able to earn a stated amount of wages after the injury sought to be compensated is equivalent to a finding that plaintiff could not earn more than the stated amount at such time.

25. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence insufficient to sustain finding as to present earning capacity.* In a proceeding by an employee to recover compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 et seq.), evidence *held* insufficient to support a finding in a special verdict that plaintiff's present earning capacity was $10 per month.

26. WORKMEN'S COMPENSATION ACT, § 12*—*when burden on plaintiff to show earning capacity.* In a proceeding by an employee to recover compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 et seq.), where there is evidence that plaintiff still has some earning capacity, plaintiff has the burden of showing what that capacity is.

27. WORKMEN'S COMPENSATION ACT, § 12*—*what must be basis of finding in special verdict as to specific earning capacity.* In a proceeding by an employee to recover compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 et seq.), where there is evidence that plaintiff still has some earning capacity,

a finding in a special verdict that such earning capacity is a specific sum per month must be based on some evidence reasonably leading to such a finding.

28. WORKMEN'S COMPENSATION ACT, § 12*—*what may be basis of finding of earning capacity.* In a proceeding by an employee to recover compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), where there is evidence that plaintiff still has some earning capacity, a verdict as to the amount of such capacity may be properly found from plaintiff's evidence, if not controverted, and, if controverted, then on the conclusion of the jury from all the evidence.

29. WORKMEN'S COMPENSATION ACT, § 12*—*when question of disability of employee properly submitted to jury.* In a proceeding by an employee to recover compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), evidence *held* sufficient to warrant the submission to the jury the question of disability of plaintiff due to the injuries for which compensation was sought.

30. APPEAL AND ERROR, § 601*—*how sufficiency of special verdict to support judgment saved for review.* Where the trial court overruled a motion for a new trial made on the ground that the verdict was contrary to the law, which statement was repeated in the assignment of errors, and the denial of the motion and the entry of judgment in accordance with such denial were both assigned as error, the question of the sufficiency of a special verdict to support the judgment entered thereon was saved and presented for review.

31. WORKMEN'S COMPENSATION ACT, § 7*—*when employee may recover compensation from time of incapacity to end of period.* Under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), an employee who is injured at a given date, but not then partially incapacitated from his usual employment, and at any time thereafter during the period provided by the act becomes incapacitated as the result of the injury, may recover compensation from the time of such incapacity to the end of the period, although, after the injury and up to the time of such incapacity by reason of such injury, such employee works and receives wages at such employment.

32. WORKMEN'S COMPENSATION ACT, § 7*—*when wages received after injury should not be deducted in fixing amount of disability payments.* Where the employee's compensation for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), is computed from a date six months after the injury as the time when the disability compensated commenced, amounts received for wages during the period intervening between the time of the accident and the time of the commencement of the injury resulting therefrom

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

are not "payments, allowance or benefit which" an employee may receive "from the employer during the period of his incapacity," within the meaning of section 5 of the Act (J. & A. ¶ 5453), providing for the allowance of such payments in fixing the amount of disability payments recoverable under the act, the application of the section being limited to payments and allowances made because of the injury and incapacity resulting therefrom, and excluding from its meaning compensation for labor performed.

33. WORKMEN'S COMPENSATION ACT, § 7*—*when payments made to employee should be deducted in fixing amount of compensation.* In computing the amount of compensation due to an employee for personal injuries under the Workmen's Compensation Act (J. & A. ¶ 5449 *et seq.*), an employer is entitled under section 5 of the Act (J. & A. ¶ 5453) to allowance for any payments made to the employee on account of his injury and the incapacity caused thereby.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 20, 1915.

McROBERTS, MORGAN & ZIMMERMAN, for appellant.

L. O. EAGLETON and WEIL & BARTLEY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

John A. Carlson, the appellee, was on June 24, 1912, in the employ of Avery Company, the appellant, as night watchman, and had been so employed for the year immediately prior thereto, and had earned and received pay for such services at the rate of $57 per month. Both parties had accepted the provisions of the Workmen's Compensation Act of June 10, 1911, in force May 1, 1912 (J. & A. ¶ 5449), and were working under that act June 24, 1912. (It is not the act now in force.) At that date appellee claims to have received an injury in the course of his employment for which he is entitled to be compensated under the provisions of that act. There was an arbitration as provided by section 10 of the Act (J. & A. ¶ 5459), and an appeal by the Avery Company from the award of the arbitrators to the Circuit Court of Peoria county,

under a provision in that section authorizing an appeal and directing that "upon such appeal the questions in dispute shall be heard *de novo,* and either party may have a jury upon filing a written demand therefor with his petition." A jury trial resulted in a verdict as follows:

"Peoria, Ill., March 21st, 1914.

"We, the jury, find that the claimant, John A. Carlson, was injured on the 24th day of June, 1912, while in the course of his employment, with the defendant Avery Company, and that because of such injury he has been partially and permanently incapacitated from pursuing his usual and customary line of employment, and that from the 21st day of December, 1912, he earned or was able to earn or is now earning or is able to earn the average sum of $10.00 per month in some suitable employment or business."

The court after overruling appellant's motion for a new trial entered judgment as follows:

"It is therefore considered and adjudged by the Court that the claimant John A. Carlson do have and recover of and from said defendant Avery Company, a corporation, the sum of Twenty-three and 50/100 ($23.50) Dollars for each and every month after the 21st day of December, A. D. 1912, and on the 21st day of each and every month thereafter for a period of time ending June 24th, A. D. 1920, said amount being one-half (½) the difference between the average amount which the claimant earned before the accident in question in this case, and the average amount he is now able to earn in some suitable employment or business as found by the verdict of the jury, and also his costs and charges by him about this suit in this behalf expended and that execution issue therefor."

From which judgment this appeal is prosecuted.

It is to be observed that the judgment is based on the difference in appellee's earnings before the accident and what he is able to earn since the accident, and

that there is no finding in the verdict of what his average earnings were before the accident.

Appellee has entered a motion to dismiss the appeal, contending that no appeal lies from the judgment of a Circuit Court on a hearing under the provisions of said Workmen's Compensation Act. We took the motion with the case and it is to be first considered. It is true that the right to appeal at law is statutory. Unless the statute expressly or by plain implication provides for an appeal from the judgment of a court of inferior jurisdiction none can be taken. The court said in *Drainage Com'rs of Town of Niles v. Harms,* 238 Ill. 414, on page 418: "The general rule that a right to an appeal is purely statutory has been settled beyond controversy." Provision is made in section 8 of the Appellate Court Act (J. & A. ¶ 2968) for appeals from the final judgments of Circuit Courts "in any suit or proceeding at law, or in chancery"; and in section 91 of the Practice Act (J. & A. ¶ 8628), appeals to Appellate Courts are authorized, and the same limiting words "any suit or proceeding at law or in chancery" are used. We know of no other statute governing the question, and therefore assume that the inquiry is whether the trial in the Circuit Court was in a suit or proceeding at law or in chancery. The proceeding and trial by arbitrators under the provisions of the act was not a suit or proceeding at law or in chancery, but was in the nature of a voluntary arbitration. *Deibeikis v. Link-Belt Co.,* 261 Ill. 454. Yet the trial in the Circuit Court may have been such a proceeding. That court obtained jurisdiction by an appeal from a nonjudicial body, or accurately speaking it acquired jurisdiction, not by an appeal in a legal sense, but in a way provided by statute, which way is instead of, or in addition to, the forms of proceeding otherwise required to give jurisdiction. The controversy belongs to a class of cases in which the court has original jurisdiction, and being before the court in the method prescribed by the

statute the court had jurisdiction by virtue of its general powers, and the judicial proceeding began with the presentation of the case in the Circuit Court. *Conover v. Gatton*, 251 Ill. 587, and cases there cited; and *Rowand v. Little Vermilion Spec. Drain. Dist.*, 254 Ill. 543. The court said in *Myers v. Newcomb Spec. Drain. Dist.*, 245 Ill. 140, on page 146: "The term 'suit or proceeding at law or in chancery' only includes suits instituted and carried on in substantial conformity with the forms and modes prescribed by the common law or by the rules in chancery," and adds that it does not include cases which are "instituted and carried on in conformity with forms and modes not according to or recognized by the common law or rules of chancery but solely in accordance with statutory provisions." The Workmen's Compensation Act in question provides for an appeal to the Circuit Court, or when the language is legally considered, provides if either party is not satisfied with the result of the arbitration he may have a trial *de novo* in that court. The act does not prescribe the form or method of proceeding in the Circuit Court, and therefore we assume that court having acquired jurisdiction should proceed with the trial in accordance with common-law forms or modes as modified by the Practice Act and in accordance with the general practice. Written pleadings are dispensed with, but that is true of other cases of which the Circuit Court acquires jurisdiction by appeal and tries the case *de novo*, as for instance trials on appeal from judgments of justices of the peace. The Supreme Court said in *Grier v. Cable*, 159 Ill. 29: "There can be no doubt that the Circuit Court, being a court of general original jurisdiction, is vested by law with jurisdiction of the subject-matter of suits against executors to recover claims against the estates of testators"; and considered whether the suit in the Probate Court was a proceeding at law or in chancery and concluded that it was not, but that it was a purely statu-

tory proceeding; but the court seems to have made no question of the jurisdiction of the Appellate Court to review the judgment of the Circuit Court rendered on an appeal from the judgment of the Probate Court; and we believe it is generally understood by the profession that while a trial in the County Court on a contested claim against an estate of a deceased person is not a suit or proceeding at law or in chancery, yet an appeal lies from the judgment of the Circuit Court rendered there in a *de novo* trial, and this view is supported by the opinion of the court in *Zeigler v. Illinois Trust & Savings Bank,* 245 Ill. 180. It is said in 2 Cyc. 514: "Though proceedings are not in their inception according to the course of the common law, yet if they subsequently assume that form, as where they are brought up to another court for trial *de novo* according to the course of the common law, they become subject to review by writ of error." It is said in *Lewis v. Baca,* 5 N. M. 289 (21 Pac. 393), that a trial *de novo* "means a trial anew in the appellate tribunal, according to the usual or prescribed mode of procedure in other cases involving similar questions, whether of law or fact." This definition is adopted in Words & Phrases, vol. 8, page 7108, with other definitions not inconsistent therewith. We are of the opinion that the trial in the Circuit Court was in a suit or proceeding at law and therefore the right of appeal to this court is secured by the statute, and the motion to dismiss the appeal is denied.

The manner of trial in the Circuit Court not being prescribed or directed by the Workmen's Compensation Act, the provisions of the Practice Act are applicable. *Fergus v. Garden City Mfg. Co.,* 71 Ill. 51. Special verdicts are authorized by section 79 of the Practice Act (J. & A. ¶ 8616); but special verdicts must find all the controverted facts on which the judgment is based, and are to be distinguished from special findings accompanying a general verdict, authorized by the

same section of the Practice Act. *Elgin City Ry. Co. v. Salisbury,* 162 Ill. 187; *Perdue v. Big Four Drain. Dist.,* 117 Ill. App. 600. The facts declared by the verdict constitute the basis of the judgment. 38 Cyc. 1868. A special verdict to sustain a judgment should find the facts essential to support the judgment. 23 Cyc. 776. The evidence from which a fact might have been found, without any finding of the fact itself, is valueless in a special verdict. *Seabright v. New Jersey Cent. R. Co.,* 72 N. J. L. 8 (60 Atl. 64). The statute authorizing special verdicts is merely declaratory of the common law. The rules of law governing them are said in *Chicago & N. W. Ry. Co. v. Dunleavy,* 129 Ill. 132, to have been long settled; the authorities are there cited and discussed, and it is there said on page 142: ''They should find facts, and not the mere evidence of facts, so as to leave nothing for the court to determine except questions of law.'' (Citing authorities.) ''To authorize a judgment upon a special verdict, all the facts essential to the right of the party in whose favor the judgment is to be rendered, must be found by the jury; finding sufficient evidence, *primâ facie,* to establish such facts, is not sufficient.'' (Citing authorities.) ''If probative facts are found from which the court can declare that the ultimate facts necessarily result, the finding is sufficient.'' (Citing authorities.) ''A special verdict cannot be aided by intendment, and therefore any fact not ascertained by it will be presumed not to exist.'' (Citing authorities.) In civil actions a special verdict ''must contain a finding on every material controverted fact to support a judgment.'' Encyc. Pl. & Pr., vol. 22, page 984. This statement in words or substance is often repeated in cases dealing with the question. Many cases are cited by the author of the above quoted text in support thereof, and the word ''controverted'' should perhaps be read into the statements quoted from our own Supreme Court. But what does that word mean? The same

author says on page 987 of the same volume: "A special verdict need not find facts admitted by the pleadings," and adds that according to some cases it need not when there is no conflict in the evidence. Only Wisconsin cases are cited in the note to the second proposition; and while that construction may be placed on the word "controverted" by the Supreme Court of Wisconsin, we do not think it the general rule or one that we should follow in the light of the language of our Supreme Court above quoted. Very likely a special verdict need not find facts that can otherwise be ascertained from the record proper. The pleadings are a part of the record; the evidence is not, until made so by the bill of exceptions. Special findings may accompany a general verdict under the provisions of section 79 (J. & A. ¶ 8616) but there cannot be a general and a special verdict in the same case.

In the case at bar there was, as we have seen, no written pleadings, but there were issues to try, and one of them was as to the difference between the average amount which the claimant earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident, and this issue requires a finding of his earnings at those times. A stipulation was filed in the case as follows:

"It is stipulated by the counsel for claimant and defendant that on June 24th, 1912, both had accepted the provisions of the Workmen's Compensation Act of June 10th, 1911, in force May 1st, 1912, and that both were working under the Act on June 24th, 1912, and that claimant had been in the employ of defendant as night watchman for the year preceding June 24th, 1912, and had earned and received pay for his services at the rate of $57.00 per month, payable semi-monthly on the 5th and 20th days of each month."

It is urged by appellee that the facts there stipulated were not "controverted" and therefore that the spe-

cial verdict need not find them. The stipulation takes the place of evidence. It is not a part of the record proper. *Raymer v. Modern Brotherhood of America,* 157 Ill. App. 510. We do not see how it can have more force and effect than would uncontroverted evidence of the facts stipulated, which we have before said we do not regard sufficient. It is quite likely that the stipulated fact, that the parties were under the Workmen's Compensation Act, might be learned from other parts of the record proper, and therefore its finding omitted in the special verdict, though it would have been safer to incorporate it therein, but there was nothing in the record proper from which claimant's earnings before the accident could be found.

Appellee in support of his motion to dismiss the appeal says that the provision in the Workmen's Compensation Act for compensation to be paid in instalments, in effect, forbids a general verdict, and appellant in its reply does not controvert that statement. We are therefore not aided by briefs of counsel to determine whether a special verdict was imperative, but we see no reason why it is not permissible.

Appellee quotes the language of the court in *Vincent v. Morrison,* Breese (1 Ill.) 227, indicating that even though the verdict is insufficient, if this court is satisfied the claimant should recover the amount of the judgment the case should not be sent back for another trial that would result only in costs without benefit to the parties. We would give the suggestion more careful consideration if we were satisfied with the verdict in all respects except its failure to find the facts stipulated. We regard it doubtful whether claimant's incapacity is the result of the accident complained of, and we see no sufficient foundation for the finding in the verdict that he is able now to earn $10 a month, which means that he is not able to earn more than that sum. It is clear from the evidence offered by the claimant that he has some earning capacity; and to support a

verdict that depends upon the definite finding of what that capacity is, there should be more satisfactory evidence than the record contains, and the burden is upon the claimant to produce such evidence. It is true that he might introduce evidence showing he had no earning capacity, or that it was any sum he might claim, and the verdict would properly be found on that evidence, if not controverted, and if controverted then on what the jury might conclude from all the evidence, but the finding of a specific sum must be based on some evidence that would reasonably lead to that finding.

Much of appellant's brief and argument is devoted to the contention that the evidence does not support any finding of injury and consequent disability of the claimant. There was in our opinion sufficient evidence tending to support that claim to require a submission of the facts to the jury.

Appellee says the question of the sufficiency of the verdict to support the judgment is not saved for review, either in the motion for a new trial or in the assignment of errors. In the written motion for a new trial one reason assigned is: "The verdict is contrary to the law." This is repeated in the assignment of errors. It is also assigned as error that the court erred in overruling the motion of defendant for a new trial, and in rendering judgment against the defendant. And appellant in its brief says the verdict was bad in substance. We regard the question saved and presented for our determination.

The jury found that the claimant was partially and permanently incapacitated, etc., by his injury of June 24, 1912, and that from the 21st of December, 1912, he was able to earn $10 per month. The judgment is based on the theory that the limit of the recovery is eight years from the date of the accident, but that the computation of the difference in earnings begins December 21, 1912, about six months after the accident. The evidence shows that during this six-months' period

the claimant worked for the defendant at his usual employment, and received for that work $333.85. For that reason the jury did not find that his incapacity to earn his usual wages dated from the time of the accident. This raises the question whether an employee injured at a given date and not at that time partially incapacitated from pursuing his usual customary line of employment, but afterwards, during the eight-year period, whether six months or six years after the accident, becoming so incapacitated as the result of the injury, is entitled to recover from the time of his incapacity to the end of the eight-year period. The trial court held that he was, and in the absence of any authority on the construction of the statute in that respect, we are inclined to the same opinion.

Our attention is called to the provision in section 5, clause 3, of the Act (J. & A. ¶ 5453), providing: "In fixing the amount of the disability payments, regard shall be had to any payments, allowance or benefit which the employee may have received from the employer during the period of his incapacity, except the expenses of necessary medical or surgical treatment"; and it is claimed that in disregarding the six months that claimant worked for the defendant, and the amount paid him for such work, after the accident, the court deprived the defendant of its rights under that provision of the statute. If the court was right in fixing compensation from the date of the disability and not from the date of the accident, it seems unimportant for whom the claimant worked or from whom he received compensation for such work, during the time intervening between the date of the accident and the date of the resulting disability. If payments were made, not in compensation for labor, but because of the injury and incapacity, the defendant would be entitled to the benefit of that provision of the act.

For the reasons above stated, the judgment is reversed and the cause remanded for another trial.

.    *Reversed and remanded.*

MR. JUSTICE NIEHAUS took no part.