Bankers Life and Casualty Company, Appellee, v.
Justin T. McCarthy, Director of Insurance, State
of Illinois, Appellant.

**Gen. No. 46,682.**

First District, Third Division.
November 23, 1955.
Rehearing denied October 3, 1956.
Released for publication October 17, 1956.

Latham Castle, Attorney General of the State of Illinois, and Werner W. Schroeder, Special Assistant Attorney General, State of Illinois, both of Chicago, for defendant-appellant; John L. Davidson, Jr., of Springfield, First Assistant Attorney General, William C. Wines, Raymond S. Sarnow, A. Zola Groves, all of Chicago, and John G. Smith, of Springfield, Assistant Attorneys General, of counsel.

Brundage & Short, of Chicago, for plaintiff-appellee; Howard A. Brundage, Charles F. Short, Jr., and Narcisse A. Brown, all of Chicago, of counsel.

JUDGE FEINBERG delivered the opinion of the court.

Defendant appeals from a decree entered by the Circuit Court, on an appeal taken by plaintiff from a report of the Director of Insurance of an examination made by him of the affairs of plaintiff, pursuant to § 744 of the Illinois Insurance Code, Ch. 73, Ill. Rev. Stat. 1953. The decree in effect affirms in part the report of the Director, reverses it in part and in other instances alters and deletes it in part. The decree also grants injunctive relief as provided by § 1019 (3) of the statute. Admittedly, over one hundred such amendments, alterations and deletions of the report appear in the decree. The power and authority of the Circuit Court to enter such a decree is directly challenged by this appeal.

335

It appears the Director of Insurance ordered an examination of plaintiff's assets, conditions and affairs for the period covering July 1, 1950, to and including June 30, 1952. The authority for such examination may be found in § 744 of the statute. Subsection (2) provides:

"Every company or person being examined, its officers and agents, shall produce at its office its books, records and documents and all or any papers in its or their possession relating to the property, assets, business or affairs of the company. The officers and agents of such company or person shall facilitate and aid in such examination so far as it is in their power to do so."

During the examination, plaintiff refused to allow the examination of an account marked "App." account, kept separate and distinct by plaintiff from its regular accounts. This account had reference to a plan conceived by its officers, whereby each of plaintiff's agents was required, with the acceptance of an application for insurance, to remit to the company $1 with each application, and placed by the company in a so-called welfare fund. Throughout the proceeding this account was designated the "App." account, and for convenience we shall refer to it as the "App." account. At the time of the examination, there was approximately three million dollars in this account.

Upon such examination witnesses were sworn and testified, and various exhibits received in evidence by the examiners. Upon the completion of the examination the examiners submitted to the Director the report of examination made by them, the evidence heard and exhibits received. The Director, pursuant to statute, served plaintiff on August 26, 1953, with a copy of the report, directing that objections thereto be filed with him within ten days. Several extensions of the time to file objections were granted, and on November 3, 1953, the objections to the report were filed with the Director.

The report of the Director dealt with many items that concerned the accounting methods of the company, some of its securities, and certain real estate carried on the books of the company as an asset. It appears from the report of the Director, with respect to the "App." account, that the minutes of the meetings of the directors and stockholders of the company disclose no provision or authority for the creation or operation of said fund; that the president of the company based his refusal to allow the examiners access to any of the books and records pertaining to this account upon a decree entered by the Circuit Court of Cook County in case No. 49 C 3063.

The suit referred to was instituted by MacArthur, the president of plaintiff, against his wife, and in a cross-complaint by her it was sought to establish the value of some stock in plaintiff company. She claimed that the "App." account was part of the assets of the company, and that said stock correspondingly had a greater value. The decree in that case found that the fund in question was for the purpose of promoting the health, safety and welfare of all employees and agents of the company, and not of such a nature as need be included in the financial statements of Bankers Life and Casualty Company; that it is not subject to the insurance regulations pertaining to the nature of investments by insurance companies, and not to be regarded as assets of the company. The instant decree finds that the account in question is not subject to the insurance laws.

◼ Neither the State of Illinois, the Insurance Director, nor other agency of the State was a party to the decree in the suit referred to, nor does it appear that any notice was given them of the pendency of such suit or the hearing thereof. We think there was no justification for the refusal of the president of the company to allow the examination of the "App." account because he regarded said decree of the Circuit Court an adjudication that the fund could not be con-

sidered an asset of the plaintiff nor subject to any examination by the Director. In Hedlund v. Miner, 395 Ill. 217, it was held the doctrine of res adjudicata has no application against or in favor of anyone not a party or privy. It was there stated:

"The doctrine is bottomed on the ground that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction."

To the same effect are Gillies v. Little Vermilion Special Drainage Dist., 401 Ill. 344, 349; In re Estate of Betts, 2 Ill.App.2d 453, and cases there cited.

Twenty-one specific objections were filed by plaintiff with the Director, as well as a general objection to the entire report based on the claimed violation of the duties and authority of the Director.

A hearing was had before the Director upon these objections, as provided by statute. He sustained some of the objections and overruled others. Thereupon plaintiff filed its appeal in the Circuit Court, together with a certified copy of the report of the Director and transcript of proceedings before him. It is admitted by the parties upon this appeal that the review by the Circuit Court of the report of the Director is governed by § 1019 (2) and (3), of the Insurance Code. Subsection (2) provides:

"The cause shall be heard by the said court as a civil case upon such transcript of the record and such additional evidence as may be offered at the hearing of said cause before the court by any of the parties."

Subsection (3) provides:

"The court shall have jurisdiction to affirm or to set aside the order or decision of the Director and to restrain the enforcement thereof."

338

In the view we take of this appeal, it will be unnecessary to make specific reference to all the items in the report and to each of the objections.

We agree with plaintiff that the report of the Director contains damaging conclusions, argumentative statements and innuendoes, instead of facts only, in violation of his statutory duty. Subsection (3), § 744, provides:

"The examiners . . . shall make a full and true report of every examination made by them, which shall comprise *only facts* ascertained from the books, papers, records or documents, examined by them or ascertained from the testimony of officers or agents or other persons examined under oath concerning the business and affairs and the assets of such company or person." (Italics ours.)

As already pointed out, the statute also requires that before the Director files, publishes or circulates his report of examination, he shall give notice to plaintiff and time to file objections to the report. The obvious intent of the legislature is that no company shall be subjected to any injury by the report before such a hearing is had before the Director, and before the disposition of an appeal to the Circuit Court. Conceivably, a report that did not state facts and contained statements injurious to plaintiff, not justified by the record, could inflict irreparable injury upon plaintiff, not only in this state, but in the other states where it is authorized to do business. That is why subsection (3) of § 1019 gives the Circuit Court the power to restrain the enforcement of the report of the Director in the event the court should set aside the report.

█ We cannot agree with plaintiff's contention that the "App." account and its operation was not a proper subject of examination by the Director under the statute. It will be remembered that the agents of plaintiff were required to pay $1 into this fund with each application accepted. Sections 1065.40, 1065.41

and 1065.49 of the Insurance Code, which regulate the matter of payment of money, commission, or brokerage by the agents, and which give the Director the power to regulate the conduct of insurance agents, and to revoke their licenses, would in itself justify examination by the Director of the affairs of the company involving such dealings with the agent, to ascertain whether such transaction violates the letter or spirit of the regulations or the statute.

Under § 1015 of the Code, the Director is given authority to issue subpoenas, examine witnesses and compel production of the books, records and papers of the company or party examined. For refusal to comply with the subpoena, authority is granted to the Director to file a petition in the Circuit or Superior Court of the county in which the testimony is desired, to obtain an order of compliance with the subpoena. In addition, a penalty of $1,000 is imposed upon the party refusing to comply with the subpoena, to be recovered by the State of Illinois.

The Director in the instant case did not pursue the authority granted by § 1015. Had he invoked the jurisdiction of the court under that section, the court would have been in a position to judicially determine whether plaintiff was justified in its refusal to allow the examination of the "App." account. We think this is the procedure the Director should have followed, instead of reporting that the examination of the "App." account was incomplete because of plaintiff's refusal to allow such examination. Such a statement in the report against plaintiff carries with it innuendoes and implications that may be more damaging than the real facts an examination would reveal. As was declared by this court in Gordon v. Checker Taxi Co., 334 Ill. App. 313, 318:

"Innuendoes involved in such questions are sometimes more damaging than an effort to prove the impeaching facts."

■ Plaintiff insists that the appeal from the report of the Director to the Circuit Court empowers that court to conduct a hearing de novo under § 1019 (2) and (3). Hence, the court was justified in entering the form of decree already alluded to. Where the statute which grants an appeal from an inferior court or administrative agency does not limit the scope or power of the reviewing court upon such appeal, the reviewing court hears it de novo as an original hearing. This is typical of appeals from the Probate Court and from justices of the peace to the Circuit Court. Carlson v. Avery Co., 196 Ill. App. 262. In Noel v. Noel, 228 Ill. App. 569, 572, this court said:

"On appeal from the latter court [probate] the circuit court does not sit as a court of errors but to try the cause de novo, and what takes place before the probate court is of no importance. (Barnes v. Earle, 275 Ill. 381, 385.)"

The Workmen's Compensation Act of June 10, 1911, (J. & A., § 5449) provided for an appeal to the Circuit Court and directed that "upon such appeal the questions in dispute shall be heard de novo, and either party may have a jury upon filing a written demand therefor with his petition." Carlson v. Avery Co., 196 Ill. App. 262.

It will thus be seen, that Act specifically provided for a hearing de novo, which, of course, is not in the present Workmen's Compensation Act. Where, however, the statute which grants an appeal from an administrative agency prescribes the scope of review upon such appeal, the court is thus limited in its authority, and cannot enlarge upon the statute. The obvious reason is to prevent courts from legislating by decision, or usurping the functions of governmental agencies.

In Thompson v. Illinois Commerce Commission, 1 Ill.2d 350, which was an appeal from an order of the Commerce Commission, it was held:

341

On appeal from an order of the Commerce Commission, the circuit court exercises a statutory, not a general appellate jurisdiction, being restricted in its powers to those expressly delegated, and while it may determine the reasonableness and lawfulness of the commission's order, its inquiry is confined to the jurisdiction of the commission, the sufficiency of the evidence, and the preservation of constitutional rights, and it must either confirm or set aside the order of the commission, and having determined that an order is unlawful and unreasonable, it can only set aside the order and cannot remand the cause to the commission with directions to enter a different order.

██ ██ The instant statute, § 1019, governing appeals from the Director, does not authorize a hearing de novo by the Circuit Court. That, we think, is clearly evidenced by the statute, which directs the Circuit Court on such appeal to hear it upon the transcript of the record certified by the Director and such additional evidence as may be offered at the hearing of said cause before the court by any of the parties. The parties in the instant case did not offer additional evidence before the court. We regard § 1019 (3), as authorizing the Circuit Court either to affirm or to set aside the order or decision of the Director. The form of the decree entered in the instant case, which deleted, altered, amended, affirmed in part and set aside in part the report of the Director, is not, in our judgment, justified by § 1019.

The instant § 1019 is unlike the provisions governing appeals from administrative agencies under the Administrative Review Act. In the latter Act the legislature specifically granted the Circuit Court the power, under § 275 (f) [Ill. Rev. Stats. 1955, ch. 110, § 275, subd. (f)], "where a hearing has been held by the

342

agency, to reverse and remand the decision in whole or in part, and, in such case, to state the questions requiring further hearing or proceedings and to give such other instructions as may be proper."

Even under this broad statute of review, this court recently in Nolting v. Civil Service Commission, 7 Ill.App.2d 147, 129 N.E.2d 236, held that the Circuit Court upon review could not reverse the order of the Civil Service Commission, and direct the restoration of the petitioner to the police force "upon condition" that he "waive salary" for the period covering his discharge. Such a condition was held not warranted by the review statute cited.

It follows from what we have said, we must reverse the decree of the Circuit Court, with directions to that court to enter a decree setting aside the report of the Director *in toto* and enjoining the Director from enforcing the report and order of the Director.

Reversed and remanded with directions.

LEWE, P. J. and KILEY, J., concur.